J. L. Nettles v. The City Ice and Fuel Company, an Ohio Corporation.

160 So. 42.
Division B.
Opinion Filed January 30, 1935.

*Raymond O. Burr,* for Appellant;
*J. M. McCaskill,* for Appellee.

Per Curiam.—This case is of like character to that of Love, *et al.,* v. Miami Laundry Company, a corporation, decided on rehearing at this Term of the Court.

Bill of complaint was filed and temporary restraining order applied for. Nettles filed affidavit on hearing. Temporary restraining order was granted as follows:

"Ordered, Adjudged and Decreed that the defendant, J. L. Nettles, be, and he is hereby temporarily restrained and enjoined from divulging to any person, firm or corporation, the name and/or addresses of, or any information concerning any customers of the complainant, The City Ice and Fuel Company, an Ohio Corporation; and it is further Ordered, Adjudged and Decreed that the defendant, J. L. Nettles, his servants, agents and employees, be and they are hereby temporarily restrained and enjoined from delivering ice to any person or persons who have been customers of The City Ice and Fuel Company and who have been supplied by the defendant during any time he was employed by said The City Ice and Fuel Company, and

from in any way, directly or indirectly, on his own behalf or in behalf of any other person, firm or corporation, soliciting, diverting or taking away or attempting to solicit, divert, or take away any of the custom, business or patronage of any customer of said THE CITY ICE AND FUEL COMPANY, formerly supplied or served by the defendant during his employment by said company, and it is further ORDERED, ADJUDGED AND DECREED that this order shall remain in full force and effect until the further order of this court, but shall take effect only upon the complainant entering into a good and sufficient bond to be approved by the Clerk of the above named court, payable to the defendant in the sum of $1,000.00, conditioned to pay all costs and damages which the defendant may sustain in consequence of improperly suing out of said writ of injunction by complainant."

Petition for rehearing was filed and denied.

Appeal was entered from the order.

The contract in this case was not signed by the Ice Company. The contract recites as follows:

"*That, Whereas,* The First Party is engaged in the business, among other things, of the manufacture, sale and delivery of ice, both at wholesale and retail; and,

"*Whereas,* simultaneously with the execution of this agreement, the Second Party will be employed by the First Party, and,

"*Whereas,* The duties of the Second Party among other things, will include the delivery of ice for the First Party, and the solicitation of new business and new customers for the First Party;

"Now, THEREFORE, IN CONSIDERATION of the employment of the Second Party by the First Party, and of the sum of One Dollar ($1.00) in hand paid to the Second Party by

the First Party, the receipt whereof is hereby acknowledged, the Second Party covenants and agrees to and with the First Party, its successors and assigns;

"1.  That during his employment by the First Party, and for six months thereafter, he will keep secret and not divulge to any person, firm or corporation, except by express order of the First Party, the names, addresses, or any information concerning any customers of said First Party;

"2.  That during his employment by First Party he will not allow any person or persons to accompany him while he is traversing the route or routes to which he is assigned, without the express permission of the First Party;

"3.  That he will not at any time while he is in the employ of the First Party, or within six months after leaving its service, for himself or for any other person, firm or corporation, deliver ice to any person or persons who shall have been customers of First Party, and supplied by Second Party during any time he may have been employed by First Party;

"4.  That he will not at any time while he is in the employ of the First Party, or within six months after leaving its service, in any way, directly or indirectly, in his own behalf or in behalf of any other person, firm or corporation, solicit, divert, take away, or attempt to solicit, divert or take away, any of the custom, business or patronage of any customer of the First Party served by the Second Party during his employment by the First Party.

"IN WITNESS WHEREOF, the said Second Party has hereunto set his hand and seal as of the day and year above written."

So the contract here under consideration had less of mutuality in it than did the contract under consideration in the

case of Love, *et al.*, v. Miami Laundry Co., and what we have said in that case applies to this.

On authority of the opinion and judgment rendered on rehearing in that case, the order appealed from is reversed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.