A. M. LEWIS v. HOLMES KIRKLAND and MARIE TOWNE,
as Receivers, *et al.*

160 So. 44.
Division B.
Opinion Filed January 30, 1935.

*Carabello, Graham & Cosio,* for Appellant;
*MacFarlane, Pettingill, MacFarlane & Fowler,* for Appellees.

BUFORD, J.—The appeal here is from final decree and also from order refusing to dissolve a preliminary injunction and to dismiss the bill of complaint.

The appeal from the final decree is sufficient to bring all other questions of controversy arising prior to that decree before this Court for review.

The final decree found amongst other things that the appellant, Lewis, had breached the prohibitive restrictions of a certain contract of employment after the termination of his employment with the complainant.

The part of the decree granting the injunction is as follows:

"That the temporary restraining order heretofore issued herein be and the same is hereby made permanent for the period of one year dating from March 12, 1934, and said defendant A. M. Lewis be and he is hereby strictly commanded and ordered during said period to desist and refrain from further soliciting, diverting, receiving or delivering any laundry or dry cleaning from any person or

customer of said Towne's Tampa Steam Laundry & Dry Cleaning Company now in receivership who had theretofore been solicited or served by said defendant for and on behalf of said receivership, and who reside in that certain territory situate in Hillsborough County, Florida, described as follows: Book 200, Page 18: That part of the City bounded on the North by Cass Street, on the East by Hillsborough River, on the South by Lafayette Street, Grand Central Avenue, Atlantic Coast Line Railway, Morrison Avenue and Swann Avenue, and on the West by Lois Avenue; and the failure of said defendant to comply with the terms and conditions aforesaid shall be a direct contempt of the order of this Court."

The controlling features of this case are like those involved in the case of Love, *et al.,* v. Miami Laundry Company, decided on rehearing at this Term of the Court. It is, therefore, unnecessary for us to discuss other questions which are raised in this case and were not presented in the Love case. One of those questions is:

"May a Receiver of a co-partnership sue in its trade name to enforce the restrictive covenants of a contract of employment between the firm and an employee without joining as parties thereto the individual members of the firm?"

The other is:

"May a Receiver of a co-partnership maintain a suit to enforce the restrictive covenants of a contract of employment to which neither the Receiver nor the firm they represent are parties without showing a vesting of such contract in the firm the Receivers represent?"

The decree appealed from shoud be reversed with directions that the bill of complaint be dismissed on authority of the opinion and judgment in the case of Love, *et al.,* v. Miami Laundry Company, *supra.*

It is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.