J. SCHAEFFER, INC., a New York Corporation, v JOHN HOPPEN, et al.

173 So. 900.

Division B.

Opinion Filed April 16, 1937.

*Winters, Foskett & Wilcox* and *Paul W. Potter,* for Appellant;

*Beacham & Gaulden,* for Appellees.

PER CURIAM.—Upon consideration of the appeal in this cause it seems to a majority öf the Court that the rule laid down in the case of Love v. Miami Laundry Co., 118 Fla. 137, 160 Sou. Rep. 32, to the effect that a court of equity will not enforce by equitable means the provisions of an executory contract of employment against the employee where the terms thereof are such that the Court could not enforce part thereof by equitable means against the employer, is applicable to the controversy here involved and that therefore there is no error in the decree appealed from and that the same should be affirmed on the authority of that decision.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The bill in this case alleges that plaintiff in the court below, appellant here, entered into a contract with appellee Hoppen by which the latter agreed to render personal service for appellant as an assistant in the business of hair dressing and hair waving, in the Town of Palm Beach, Florida, during the winter season, where appellant conducted a well and favorably known place of business for that purpose and catered to an exclusive clientele, for which service appellant contracted to pay Hoppen $59.50 per week, with commissions ranging from seven to ten per cent., and fare to Palm Beach, and a two weeks vacation each year with full pay. After several years' service, there was, in 1932, an agreed reduction of 10 per cent. in salary. The contract provided that either party might terminate the employment at the end of any week upon two weeks' written notice. The contract further provided that Hoppen would not, *during* his employment, nor at any time *after its termination,* on behalf of himself or anyone else, engage in a business of similar character in Palm Beach, Florida. Several years later, in 1933, appellant entered into a similar contract with the other appellee, Agnese. Both appellant and appellees were non-residents. That appellant had acquired a very exclusive and valuable clientele built up by the personal reputation of J. Schaeffer, President of Plaintiff corporation, and his method of treating the scalp and hair. That appellant would not have brought appellees to Palm Beach and paid them so generously had it not been for their such agreements, which were, by their terms, to be kept and performed by them. That *in spite of such contracts, and appellant's faithful compliance*

therewith, these two appellees, while one of them was still in appellant's employ had rented a store room in Palm Beach and had organized a corporation, Janry, Inc., with the avowed and publicly announced purpose of engaging in the same business during the coming winter season; that this was done with the intent to induce and entice appellant's customers to leave it and give their patronage to appellees, and that this would irreparably injure or destroy appellant's business. The bill also alleged that the appellees were financially irresponsible and that its only remedy was in equity, and prayed that the defendants be enjoined from violating the above mentioned covenants of their contracts.

On motion, the court denied the application for injunction and dismissed the bill.

Appellees contend that the decree of the court below should be affirmed upon the authority of the case of Love v. Miami Laundry Co., 160 So. 32, 118 Fla. 137, but the facts of this case are in some vital respects different from those in the cited case, and bring this case within the operation of the general rule, that, where the nature of the employment is such as to bring the employer in personal contact with the employer's patrons, and give him also the opportunity to acquire valuable information as to the nature and character of the business and the names and requirements of the patrons, thus enabling him, by engaging in a competing business in the same town to take advantage of such knowledge, and acquaintance with the patrons of his former employer, and thereby gain an unfair advantage, equity will interfere in behalf of the employer and restrain the breach of a covenant such as this, provided the covenant does not offend against the rule that, as to the time during which the restraint is imposed, or as to the territory which it embraces, it shall be no greater than is reasonably

necessary to secure the protection of the business or good will of the employer. See 9 A. L. R. 1468, and cases cited in the writer's partially dissenting opinion in the Love case, *supra*. Two years is not an unreasonable restraint as to time, nor the restriction to the Town of Palm Beach unreasonable as to territory. Under this contract, these appellees could have opened a business of this same kind over in the closely adjacent City of West Palm Beach.

I think therefore that the decree appealed from should be reversed.