WILLIAM J. LYON v. SOUTHERN LAUNDRY, INC.

194 So. 794

En Banc

Opinion Filed February 27, 1940

Rehearing Denied April 2, 1940

*Peters & Kemp,* for Petitioner;

*George E. Holt,* for Respondent.

*Walsh & Ellis,* as *Amicus Curiae.*

BUFORD, J.—This cause is before us on petition for certiorari to review order of Circuit Court granting injunction against petitioner in which order it was decreed,

"IT IS THEREUPON ORDERED, ADJUDGED AND DECREED as follows:

"(a) That a temporary injunction be and the same is hereby granted herein against the defendant, William J. Lyon.

"(b) That the defendant, William J. Lyon, be and he is hereby restrained until the further order of this court, but not to exceed ninety days from covering the same territory or route or any part thereof, for any new or different employer than the plaintiff herein, the said territory being described as follows:

"Bounded on the North by Flagler Street, on the east by Southwest Twelfth Avenue, on the West by Southwest Seventeenth Avenue to Southwest Eighth Street; thence west to Southwest Twenty-second Avenue; thence South to Bay of Biscayne meandering along the Bay east to Southwest Twelfth Avenue and thence north along Southwest Twelfth Avenue to Flagler Street.

"(c) That the said William J. Lyon be, and he is hereby temporarily enjoined and restrained from engaging or operating as a driver, salesman or solicitor for himself or for any other person, firm or corporation, either directly or indirectly, in the solicitation of customers, or calling for or delivering to customers of laundry or dry cleaning in such restricted territory.

"(d) That the said defendant be, and he is hereby temporarily enjoined and restrained from either directly or indirectly divulging the list of customers on such route thus previously served by him, or in any manner assisting any competitor or any agent or employee thereof, or any other person in getting information as to such customers in such territory, or on such route."

The bill of complaint alleges, *inter alia:*

"4. Your plaintiff further says that during the year 1938 the plaintiff employed the defendant, William J. Lyon, as

a solicitor and as a driver, and assigned to him a definite territory, hereinafter described, the said plaintiff furnished to the said defendant all of the necessary equipment and material for operating such route in the said territory, including a truck owned by plaintiff and paid the defendant for such services a commission on the business which he, the said defendant, brought into the plant of the plaintiff; that said truck similar to all trucks owned and operated by plaintiff and used in the business of calling for and delivering laundry in Dade County was painted a uniform color with uniform lettering, prominently displayed and identifying it as one of the trucks owned and in the service of the plaintiff, and by reason thereof the said defendant and said truck became and was known to all the customers served by the defendant that they were receiving the service of Southern Laundry, Inc. Plaintiff would further show that the said patrons and customers being on a certain route and within a limited territory assigned and entrusted to the defendant, and the said defendant thereupon solicited and called for laundered and unlaundered goods and dry cleaning of persons living on the route given, assigned and entrusted to the defendant aforesaid, by your plaintiff.

"5. Plaintiff would further show that the said defendant continued in the employ of plaintiff until February 4, 1940, on which said date the defendant left the employ of the plaintiff, and his services on said date were terminated by the said defendant, and upon such termination the defendant advised plaintiff that he would continue to solicit laundry and dry cleaning business within the territory hereinafter defined.

"6. And the plaintiff would further show unto the Court that under and by virtue of Chapter 17894, Laws of Florida, approved June 2, 1937, that the Florida Dry Cleaning and Laundry Board did promulgate general rules and reg-

ulations to take effect on November 1st, 1937; that Rule 10, under 'Regulations for Fair Competition,' as promulgated by the said Board, is as follows:

" 'Any driver, salesman or solicitor employed by the proprietor, owner or manager of any laundry or dry cleaning plant, and covering any fixed territory or particular route for such employer, shall not cover the same territory or route, or any part thereof for any new or different employer, until a period of at least ninety days shall have elapsed from the time such employee left or ceased to be employed by such last employer; nor shall such employee directly or indirectly divulge the list of customers on such route thus previously served, or in any manner assist any competitor, or any agent or employee thereof, or any other person, during such ninety days, in getting information as to such customers on such territory or route. Provided, this provision may be waived by the immediately previous employer.'

"7. Your plaintiff further avers that the said defendant will continue to solicit the patrons and customers of plaintiff, either for himself or for some other company engaged in like business, contrary to the provisions of the law described in the preceding paragraph and the rules promulgated by the Florida Dry Cleaning Board, and will solicit customers in the territory hereinafter described, being the same customers and patrons heretofore served by defendant as driver of said Southern Laundry, Inc."

The only material difference between the factual conditions of this case and those existing in Lowe, et al., v. Miami Laundry Co., 118 Fla. 137, 160 So. 32; Nettles v City Ice & Fuel Co., 118 Fla. 345, 160 Sou. 42; Lewis v. Kirkland, et al., 118 Fla. 350, 160 Sou. 44, and Schaeffer, Inc., v. Hoppen, 127 Fla. 703, 173 Sou. 900, is that in the

cited cases the complainant in the court below relied on an executory contract, while in the instant case complainant relies on a rule promulgated by an administrative board, known as Rule 10 (see quotation from bill of complaint, *supra*) which rule was promulgated under authority assumed to exist by reason of the provisions of Sec. 4, Chapter 17894, Acts of 1937, which provides, *inter alia:*

"Section 4. GENERAL POWERS.—The Board herein created is declared to be the instrumentality of the State for the purpose of attaining the ends recited in the legislative finding, and is hereby granted the following powers, to-wit:

To supervise and regulate the entire cleaning, dyeing, pressing and laundry (including the rental of linen and laundry supply or similar service) industry of the State of Florida as herein defined; to require the prompt handling and adjustment of claims; to hold hearings after reasonable notice thereof has been given; to receive sworn testimony and evidence at such hearings as to the reasonableness of any order, rule or regulation of the same; to reasonably classify and establish different trade areas and provide different rules, regulations and charges therefor; to establish health and sanitation requirements; to fix minimum and maximum prices or either for the rendering of services in separate trade areas in connection with the industry herein regulated; to establish reasonable rules and regulations of fair competition; to fix reasonable rules and regulations for the conduct of the Board's business and for the regulation of its employees;"

The particular clause relied on is that clause reading: "to establish reasonable rules and regulations of fair competition."

The rule sought to be enforced is not within the purview of the Act. The rule attempts to limit the activity of an

individual who has the right to earn a livelihood and to penalize the individual while the statute confers the power upon the Board to regulate the activities of those engaged in the business. The rule attempts to control the action of the employees and not the action of the employer. The rule provides no protection to the public and, therefore, public welfare is not involved.

Whether or not the Board has the power under proper showing to promulgate a rule prohibiting one employer in the affected business from employing the then employee of another engaged in the same business in the same area, so as to prevent unfair competition between those engaged in the business, is not before us and, therefore, this question is one we do not decide.

Here the administrative board has attempted to bind or limit the right of an employee to engage in a gainful occupation in a manner in which we have held (see cases cited, *supra*) he could not be bound and limited by voluntary contract so that his employer could invoke injunctive relief in a court of equity to enforce compliance therewith.

We are of the opinion that the rule, *supra,* is not within the purview of, nor authorized by, the provisions of the statute, *supra*.

It, therefore, follows that the writ of certiorari is awarded and thereupon the order under review is quashed, with directions that the bill of complaint be dismissed.

So ordered.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs in conclusion.