75 So.2d 593 (1954)
Maurice AROND, Appellant,
v.
Bernard GROSSMAN, Jeannette Miller, Irving Miller, and Dade Sanitary Products Co., a Florida corporation, Appellee.
Supreme Court of Florida. Division A.
November 2, 1954.
*594 Ader & Young, Miami Beach, for appellant.
Sibley & Davis, Miami Beach, for appellee.
TERRELL, Justice.
Bernard Grossman, et al., and Dade Sanitary Products Co., a Florida corporation, filed a bill for injunction against Maurice Arond to restrain him from engaging in the occupation of sanitary supply salesman. A temporary injunction was awarded plaintiffs which was on final hearing made permanent. This appeal is from the final decree.
The only point for determination is whether or not the circumstances warranted the permanent injunction against the defendant.
The plaintiff corporation was engaged in the business of dispensing sanitary supplies consisting of chemicals and polishing compounds including implements to apply them. Appellant was a stockholder, director and officer of the plaintiff corporation and drew a salary from it as salesman. He became dissatisfied with the way the affairs of the corporation were conducted, quit working for it, attempted to resign as an officer and director, and accepted employment as salesman from a competitor. He commenced soliciting the customers of his former employer, the plaintiffs, who brought this suit for injunction and other relief, relying on a stockholders' agreement to devote all their working time to the corporation and the former relations existing between the parties, account of which it is contended that appellant was estopped to engage in a competitive business.
The effect of the temporary injunction as made permanent by the final decree was to restrain appellant permanently (1) from engaging in a business in competition with that of appellee, (2) from accepting employment from a competitor of appellee, (3) from soliciting customers of appellee, (4) from engaging in any similar activity the effect of which would injure appellee.
There was evidence to sustain the injunction but the vice of it was in its permanence. The chancellor apparently reasoned that appellant was still a stockholder, officer and director of the plaintiff and could not engage in similar employment. It may be that the appellant is still technically a stockholder (the stock having been pledged to one of the appellees) but he is not in reality an officer or director. Appellee is a family corporation which seldom holds formal meetings. Election of officers and the transaction of other business of the corporation is usually conducted by the family informally. Appellant is not a member of the family, so for all practical purposes he is now barred from participating in its corporate affairs.
In view of this situation we think there should have been a limitation placed on the injunction. All the cases agree that it is too much to cut one aloose from the *595 source of his bread and butter permanently. The rule applicable to such contracts is stated in 28 Am.Jur., pages 302 and 306, but it is not necessary to rely on that here because the matter is set at rest by the decisions of this Court.
We have found no case nor have we been cited to one where a contract of employment with provision not to compete or work for a competitor has been upheld in this jurisdiction. Such contracts will not be enforced, absent some special equity, and have generally been stricken down for "lack of mutuality." Simms v. Burnette, 55 Fla. 702, 46 So. 90, 16 L.R.A., N.S., 389; Simms v. Patterson, 55 Fla. 707, 46 So. 91. The same rule has been applied to support the refusal of injunctive relief in cases involving the enforcement of restrictive covenants in contracts of employment. Love v. Miami Laundry Co., 118 Fla. 137, 160 So. 32; J. Schaeffer, Inc., v. Hoppen, 127 Fla. 703, 173 So. 900; Lewis v. Kirkland, 118 Fla. 350, 160 So. 44; Wheeler v. Mickles, 118 Fla. 348, 160 So. 45; Nettles v. City Ice & Fuel Co., 118 Fla. 345, 160 So. 42.
There is mutuality of remedies arising from the stockholders' agreement and there are special equities arising from the fiduciary relationship between the corporation and its officers and directors to warrant the injunctive relief granted. On this basis the decree appealed from is affirmed but as to permanent relief the judgment appealed from is too severe and is reversed with directions to enter a decree enjoining the appellant for a reasonable period beginning with his separation from the corporation, under the facts of the case and the principles herein stated.
It results that the decree appealed from is affirmed in part and reversed in part.
Affirmed in part. Reversed in part.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.