## TASTY BOX LUNCH CO. Inc. v. KENNEDY.
No. 60 C 1944.

Circuit Court, Dade County.

March 11, 1960.

Bernard B. Weksler and Andrew Psaladis, both of Miami, for plaintiff.

Burton B. Loebl, Miami Beach, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

In this case the Tasty Box Lunch Company, Inc. seeks an injunction against Mary Kennedy, a former employee, restraining her from engaging in a competitive business.

Mrs. Kennedy was a route saleslady and sold the plaintiff's products on a route that was furnished her by her employer.

On March 7, 1959, some time after she was engaged in this occupation, she signed a contract which provided — "6. Employee will not, directly or indirectly, either for himself or others, for the term of six (6) months immediately after termination of his employment, enter or engage in any branch of the box lunch

or sandwich business in the territory or over a route or portion of the territory or route, last worked or served by him during his employment hereunder, without the written consent of employer."

On February 8, 1960, she left the plaintiff's employ without notice and went into a competitive business. Plaintiff seeks to enforce the above quoted provision and to enjoin its infraction.

Plaintiff's case is bottomed on section 542.12, Florida Statutes, which provides — " * * * one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area * * * so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction."

In Love v. Miami Laundry Co. (1935), 118 Fla. 137, 160 So. 32, the court reversed the action of the Dade County circuit court in granting an injunction against truck drivers in a similar case. That, however, was before the passage of the above quoted statute in 1953. It said that equity should not enforce the provisions of executory contracts against one of the parties unless the terms are such that the court might enforce part of the contract against the other party, and that the contracts for employment of truck drivers — which provided for termination by the employer on one week's notice but prevented employees for one year after termination from soliciting patronage from the company's customers — was unfair, and that a court of equity would refuse to enjoin the employees from violating the provision of the contract prohibiting them from driving a truck for a competitor. See also Nettles v. City Ice & Fuel Co., 118 Fla. 345, 160 So. 42; Lewis v. Kirkland, 118 Fla. 350, 160 So. 44; and Wheeler v. Mickles, 118 Fla. 348, 160 So. 45.

All of the above cases were decided prior to the passage of the present statute. The same is true of United Loan Corp. of Tampa v. Weddle (1955), 77 So. 2d 629, where the court denied relief to a finance company seeking to enjoin an ex-employee who had previously been manager of its office from violating conditions of an employment contract wherein he agreed that for a period of two years after termination of his employment he would not engage in any competitive business within fifteen miles of the city in which he had been employed. The trial court denying the injunction was affirmed. Mr. Justice Drew in a dissenting opinion in which Chief Justice Matthews and Justice Sebring concurred, pointed out the difference between that case and the Love case.

In Atlas Travel Service Company v. Morelly (1957), 98 So. 2d 816, the district court of appeal, first district, reversed the circuit court of Volusia County which denied an injunction to a travel service company against a former manager. That case, however, can be distinguished from the case at bar in several respects. The first is that the former manager dealt with the company on more or less equal terms. Indeed at the time he entered into the contract, he received an increase in salary and retained his position as manager. In the next place, there was a clear consideration for the contract which is not present in the instant case. Here the defendant had been employed since December 24, 1958 and the contract was prepared and given her to sign on March 7, 1959. It is doubtful if there was any consideration for it. In any event, what the court says in the Love case is clearly applicable here even though the statute was passed after the Love case was decided. Namely, that the bargaining parties were not on equal terms.

The court is mindful of what was said in the Morelly case, that the provisions of section 542.12, Florida Statutes, although purporting to give the court some discretion in the matter, do not imply that the court is vested with absolute or arbitrary discretion, and are to be construed as requiring that discretion shall be reasonably exercised to the end that the object of the statute shall not be nullified. Relief cannot be withheld when proofs reveal no other alternative. The court feels here that the proofs do reveal an alternative and that it would be inequitable to grant the injunction.

Accordingly, the application for a temporary injunction is denied.