309 So.2d 57 (1975)
MANPOWER, INC. OF MILWAUKEE, a foreign Corporation Licensed to Do Business in the State of Florida, et al., Appellants,
v.
OLSTEN PERMANENT AGENCY OF CENTRAL FLORIDA, INC., a Florida Corporation, Individually, and George J. Edkins, III, As Agent, Servant or Employee of Olsten, Individually and Jointly, Appellees.
No. 74-59.
District Court of Appeal of Florida, Second District.
February 14, 1975.
Rehearing Denied March 12, 1975.
Horton & Perse and Arthur Newman, Miami, for appellants.
William C. Blake, Jr. of Corcoran, Henson & Blake, Tampa, for appellees.
GRIMES, Judge.
Appellants appeal from an unsuccessful attempt to enforce a covenant not to compete so as to prevent appellee, Edkins, from working for appellee, Olsten's of Central Florida.
Manpower, Inc.[1] is engaged in a nationwide business of providing temporary help to employers. In 1970, Edkins was employed in Nashville, Tennessee, as a branch manager for Manpower, Inc. of Tennessee, a corporate subsidiary of Manpower, Inc. At that time, he entered into a management *58 employment agreement executed by Manpower Management Services, Inc. "as agent for Manpower, Inc. and its subsidiaries," including specifically Manpower, Inc. of Tennessee, whereby he agreed not to compete for a period of two years from the date of his termination from employment in any similar business within a two hundred mile radius of the city in which he was employed at the time of his termination or within a twenty-five mile radius of any other city with which he had been directly involved in the performance of his duties and in which Manpower or any of its subsidiaries were operating when the employment was terminated. The agreement further provided that during the two year period Edkins would not disclose any confidential customer lists or divulge any confidential information obtained while in the employ of the company.
Edkins also signed a supplemental agreement typed at the end of the original agreement in which he agreed for a two year period after termination "not to engage in a temporary help business similar or competitive to that of Manpower, Inc. and/or its affiliates and/or licensees, within a two hundred mile radius of any city other than the city where employed at the time of such termination, and where there is a Manpower office or Manpower licensed business."
On June 30, 1973, Edkins terminated his employment with Manpower, Inc. of Tennessee. Thereafter, he went to work for Olsten's of Central Florida, an organization headquartered in Tampa and engaged in the central Florida area in a business similar to that of Manpower, Inc. The suit to enjoin this employment and to prevent disclosure of confidential information was brought by Manpower, Inc. and two corporations engaged in the temporary help business in Hillsborough County and central Florida which operate under a franchise from Manpower, Inc. but which are not owned by Manpower, Inc. There was no contention that Edkins had terminated his employment in violation of his contract. Prior to joining Olsten's, Edkins had never worked south of Tennessee. Upon the taking of testimony, the lower court refused to enforce the agreement and dismissed the suit.
The judgment below was properly entered. Prior to statute, agreements not to compete were not enforceable in Florida. Arond v. Grossman, Fla. 1954, 75 So.2d 593; Love v. Miami Laundry Co., 1935, 118 Fla. 137, 160 So. 32. Fla. Stat. § 542.12 (1973), which was passed in 1953, provides that every contract whereby one is restrained from exercising a lawful profession, trade or business is void, except for certain permissible exceptions including the following:
"(2) ... [O]ne who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction." (emphasis supplied)
The statute permits an employee to enter into an agreement with his employer whereby he agrees not to compete with such employer. Here, when the agreement was signed, Edkins was working for Manpower, Inc. of Tennessee. Presumably his agreement not to compete with that corporation within a limited time and area would be valid. Obviously, Edkins is working outside of a two hundred mile radius of Nashville, Tennessee, and in any event Manpower, Inc. of Tennessee was not a plaintiff in the suit. Manpower, Inc., which is a plaintiff, has no direct operation in Florida and was not Edkins' employer when the agreement was signed. The other two plaintiffs are independent corporations which simply operate under franchise agreements with Manpower, Inc. Regardless of whether the franchise plaintiffs *59 could be considered as third party beneficiaries under traditional contract law, § 542.12 cannot be extended to permit a third party beneficiary to enforce a covenant not to compete.
Inland Rubber Corporation v. Helman, Fla.App.1st, 1970, 237 So.2d 291, which deals with the enforcement of certain contracts outside the scope of § 542.12, is not relevant because there was no evidence of any confidential customer lists being involved, and the record reflects that the methods of doing business throughout the temporary help industry are essentially the same.
The judgment is affirmed.
HOBSON, A.C.J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] For purposes of this suit, the parties appear to have considered Manpower, Inc. and Manpower, Inc. of Milwaukee as one and the same.