## APPROVED PERSONNEL, Inc. v. HERMAN, et al.

No. 61 C 9436.

Circuit Court, Dade County.

November 28, 1961.

Sanford M. Swerdlin, Miami, for plaintiff.

David Drucker, Miami, for defendant Gail Herman.

Harold C. Wittling, Miami, for defendant Patrice Nylon.

PHILLIP GOLDMAN, Circuit Judge.

This is a suit by a private employment agency employer to enforce the "non-competitive" provisions of an employer-employee contract against its former employee, Patrice Nylon, and a competitor, Gail Herman, doing business as Work Placement Co. The defendant Nylon, in addition to answering, counter-claimed for damages.

The cause is presently before the court for final disposition; a final hearing having been held and attended by the parties and their attorneys. The court has not only had the benefit of the testimony and the other evidence presented by the parties and their witnesses, but it has also been favored with briefs.

At the outset it should be noted that the defendant Gail Herman was orally dismissed, on the plaintiff's motion, at the commencement of the final hearing. Hence, in its present posture, this litigation resolves itself into a dispute solely between the employer and its former employee, Patrice Nylon.

The evidence reflects that at the time of, and as a condition precedent to, her employment in January of 1959, the parties entered into an employment contract which was to (and did) govern the relationship between the parties.

The contract provides (among other things) that in the event the employee terminates her employment for any reason whatsoever, she would not engage in the private employment agency business for a period of one year within the confines of certain counties (Dade, Orange and Hillsborough).[1]

The issues made by the pleadings relate to: the validity of the restriction, its reasonableness and (assuming it to be valid and reasonable) whether its breach by the plaintiff is enforceable by injunction.

On the basis of the overwhelming weight of the evidence (and the law applicable thereto), the court finds that the restriction in question is both valid and reasonable. Section 542.12(2), Florida Statutes, Atlas Travel Service v. Morelly (Fla. App. 1st 1957), 98 So. 2d 816, Tasty Box Lunch Co. v. Kennedy (Fla. App. 3rd 1960), 121 So. 2d 52.

This is so because the restriction in question is literally within the language of the statute and its reasonableness is apparent

---

1. The counties specified were Dade and four others in which the plaintiff-employer had branches. At the final hearing the plaintiff abandoned its claim as to Broward and Pinellas since it had closed those offices.

when its limited duration and scope is equated with the necessity for restrictions of this type in this particular industry.

The court further concludes that any failure by it to enforce the covenant (reasonableness having been established) would result in irreparable injury to the plaintiff and render this and all other such restrictions a nullity, contrary to the statute.

Although there was considerable evidence from numerous sources in support of this phase of plaintiff's case (necessity for restrictive covenant and irreparable injury to employer from breach) the testimony of Mr. F. R. Harrison, Director of the Private Employment Agency Division of the office of the Secretary of State (who also headed this agency when it was under the jurisdiction of the Florida Industrial Commission), an unquestioned expert and authority in the field, was clear and most convincing. In fact, the testimony of this disinterested witness left little room for doubt.

The court further finds that the defendant's counterclaim is without merit in law and in fact.

The premises considered it is accordingly ordered and decreed as follows —

The defendant, Gail Herman, doing business as Work Placement Co., be and she is hereby dismissed, in accordance with plaintiff's oral motion made at the start of the final hearing.

The temporary injunction heretofore granted the plaintiff be, and the same is hereby made permanent and the defendant Patrice Nylon, also known as Patrice Nylin, also known as Patrice Parris, be and she is hereby permanently enjoined from taking employment with or working for a private employment agency, in any capacity whatsoever and under any name, for a period of one year from the 25th day of August, 1961, in the area encompassing the geographical limits of Dade, Orange and Hillsborough counties, in the state of Florida.

The plaintiff, Approved Personnel, Inc. together with its surety, American Casualty Company of Reading, Pa., be, and they are hereby relieved of their undertaking, to indemnify the defendant, Patrice Nylon, also known as Patrice Nylin, also known as Patrice Parris, and the bond heretofore filed pursuant to such undertaking, be and the same is hereby terminated, rendered void and the obligations thereunder discharged.

Defendant's counterclaim be and the same is hereby dismissed.

Jurisdiction is retained for the purpose of taxing costs and making such other orders as to the court may appear necessary and proper.