98 So.2d 816 (1957)
ATLAS TRAVEL SERVICE, Inc., a Florida corporation, Appellant,
v.
Frank J. MORELLY, Appellee.
No. A-75.
District Court of Appeal of Florida. First District.
December 6, 1957.
Rehearing Denied December 31, 1957.
*817 Cobb & Cole, Daytona Beach, and Gregory, Cours & Paniello, Tampa, for appellant.
Adams & Judge and W. Cecil Grant, Daytona Beach, for appellee.
STURGIS, Chief Judge.
In July of 1952 the appellant, Atlas Travel Service, Inc., operator of a state-wide travel service and automobile rental agency, orally hired appellee on a month-to-month basis as manager of its Daytona Beach office. This arrangement continued until June 30, 1955 when, after extensive negotiations that did not interrupt the continuity of employment, they entered into a written employment contract whereby (1) each reserved the independent right to terminate the employment upon fourteen days notice, (2) appellee received an increase in salary and retained his position as manager,[1] and (3) appellee agreed that he would not, for a period of two years after termination of his employment, engage directly or indirectly in any business conducted in the city of Daytona Beach that was competitive with the business in which he was employed, and in the event of breach of that provision to pay appellant $2,000 as agreed liquidated damages.
Within a short time after executing the contract appellee engaged upon a course of conduct clearly indicating disloyalty to his employer and an intention not to abide by the agreement. Among other things, he sought to persuade two of his fellow employees, the remaining personnel of the Daytona Beach office, to quit their employment and engage with him at Daytona Beach in a business competitive to appellant. We recite these facts for their moral rather than legal aspects. On October 26, 1956, appellant gave notice of and terminated the employment, which he had the right to do under the contract, assuming its validity, with or without cause.
Within the prohibited two-year period appellee became associated with a competing *818 business located in the same block with that of appellant, whereupon appellant sued to enjoin further breach and to enforce the provision of the contract relating to liquidated damages. Upon the issues made by appellee's answer, the appellant presented its proofs and the appellee elected to present none in his behalf. Appellant's uncontradicted testimony duly established the material allegations of his complaint. The appellant-employer appeals from the final decree which denied the injunctive relief and dismissed the cause; the decree specifically reciting that it was bottomed on the authority of Love v. Miami Laundry Co., 118 Fla. 137, 160 So. 32, decided May 5, 1934, in which our supreme court set aside a decree enjoining an employee from engaging in employment contrary to the terms of the contract.
The character of the employment and relation of the parties in Love v. Miami Laundry Co., supra, are not analogous to the case on appeal; but the controlling factor distinguishing that case is that it was decided according to the common law governing contracts executed prior to the enactment of Chapter 28048, Laws of Florida, Acts of 1953 (F.S. § 542.12, F.S.A.), whereas the case on appeal involves a contract executed after the enactment and is governed by the statute which provides, inter alia, that
"* * * one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area * * * so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction."
An interesting discussion of the statute is found in the dissenting opinion of Mr. Justice Drew in United Loan Corp. of Tampa v. Weddle, Fla., 77 So.2d 629.
The courts are not concerned with the wisdom of statutory law, and one that expressly or by implication supersedes the common law and which does not do violence to organic provisions or principles becomes the controlling law within its proper sphere of operation. Banfield v. Addington, 104 Fla. 661, 140 So. 893; Broward v. Broward, 96 Fla. 131, 117 So. 691.
F.S. § 542.12, F.S.A. clearly supersedes the common-law rule enunciated in Love v. Miami Laundry Co., supra. [118 Fla. 137, 160 So. 35] The permissory language of the statute, whereby agreements of the character in suit "may", in the "discretion" of the court, "be enforced by injunction," does not imply that the court is vested with an absolute or arbitrary discretion, and is construed as requiring that the discretion shall be reasonably exercised to the end that the object of the statute may not be nullified. The relief cannot be withheld when the proofs, as in the case on appeal, reveal no other alternative. Weston v. Jones, 41 Fla. 188, 25 So. 888; Mitchell v. Duncan, 7 Fla. 13, 14. The provisions of the instant contract relating to time and area are found to be reasonable, and well within the directive of the statute, and it is not otherwise harsh, oppressive or unjust.
In view of the chancellor's reliance on Love v. Miami Laundry Co., supra, it is apparent that he applied an erroneous rule of law to the facts in this case, and it is incumbent on this court to reverse the decree. See Holland v. Gross, Fla., 89 So.2d 255; Gay v. Supreme Distributors, Fla., 54 So.2d 805; Smith v. McEwen, 119 Fla. 588, 161 So. 68; Atlantic Shores Corp. v. Zetterlund, 103 Fla. 761, 138 So. 50.
Reversed and remanded, with directions to enter a decree granting injunctive relief in accordance with the conclusions expressed herein.
WIGGINTON, J., and WILLIS, BEN C., Associate Judge, concur.
NOTES
[1] The testimony shows that appellant insisted on having its office manager (appellee) under the written employment contract, and that appellee was given to understand that if he did not choose to enter into such contract, he might remain in appellant's employ without reduction in salary, but would be reduced to the status of assistant manager.