## WALDBAUM v. DADE COUNTY DAIRIES, Inc.
### No. 61 C 1297.

Circuit Court, Dade County.

May 10, 1961.

Stanley H. Spieler, Miami, for plaintiff.

Marchant, Perkins, Cook & Schenerlein, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

By a complaint filed on February 8, 1961, the plaintiff, George Waldbaum, seeks declaratory relief as to his rights and obligations under an employment contract by and between the parties entered into on January 14, 1957. The defendant, by answer and counterclaim, in effect, also seeks a construction (albeit a different construction) of the employment contract between the parties. Each party additionally seeks injunctive relief in aid of his or its respective cause should the court's declaration be in his or its favor.

The agreement in question (exhibit A) was "for a period of four (4) years, beginning February 4, 1957, and ending February

3, 1961, . . ." After outlining plaintiff's compensation (which was rather substantial), the agreement (paragraph 2) goes on to provide —

> 2. Waldbaum agrees that if at any time either during this agreement or continued subsequent employment by the Dairy, whether under a written agreement or not, he voluntarily leaves the employment or is discharged for cause that he, Waldbaum, will not contact nor solicit directly or indirectly any of the customers of Dade County Dairies, Inc., who are such at the time of the termination for a period of not less than nine (9) months, provided this contract has expired and is not superseded by another written agreement, and for a period of one (1) year if such termination takes place during the term of this agreement.

At this juncture it might be well to note that the reasonableness or unreasonableness of this restraint has not been raised in this proceeding and is therefore not before the court. In this connection however it is worthy of note that the restriction in question is limited in scope. Although it seeks to prevent an erstwhile employee from soliciting the company's accounts, it does not seek to restrain him from carrying on or engaging in a similar or (for that matter) identical business. Cf.§542.12(2), Florida Statutes; see also Atlas Travel Service Inc. v. Morelly, Fla. App., 98 So. 2d 816.

Turning to the evidence adduced at the hearing, while there was some conflict as to whether or not the plaintiff's services were satisfactory, there is no question but that the defendant wrote to the plaintiff on January 21, 1961 (exhibit B), in material part, as follows —

> Dear Mr. Waldbaum:
>
> You are hereby given notice that the Employment Contract between you and Dade County Dairies, Inc., signed by both parties on 14 January 1957 will be terminated according to the agreement on 3 February 1961. After 3 February 1961 your services are no longer required or requested by Dade County Dairies, Inc., and you are here and now summarily given notice that after 3 February 1961 you will no longer be in the employ of Dade County Dairies, Inc.

Plaintiff contends that the restrictions in the agreement are not applicable and that he is perfectly free to solicit defendant's customers or accounts; which he readily admits (in his pleadings as well as in his testimony) to having done.

This contention is not acceptable. It loses sight of the purpose of the agreement and what seemingly is the clear intent of the parties as manifested by the alternative restrictive periods.

On the basis of the evidence presented, the language of the agreement and the purpose of this and like restrictions, it is the

opinion of the court that the parties contemplated and did in fact enter into a conditional covenant prohibiting the plaintiff from contacting or soliciting "directly or indirectly any of the customers of Dade County Dairies, Inc., who are such at the time of the termination [of plaintiff's services] for a period of not less than nine (9) months," if the contract in question had expired as of the termination date, or for "a period of one year if such termination takes place during the term of this agreement."

Inasmuch as the termination of plaintiff's employment was effective with the expiration date of the agreement, the court finds that the first alternative (the nine month restriction) applies.

Because the plaintiff admits to having solicited defendant's accounts, it is the court's opinion that injunctive relief for the defendant (on its counterclaim) is in order, and it is accordingly ordered and decreed as follows — (1) The plaintiff-counterdefendant, George Waldbaum, is hereby enjoined from contacting or soliciting directly or indirectly any of the customers of the defendant, Dade County Dairies, Inc., who were customers of the defendant on February 3, 1961. (2) The provisions of this injunction shall remain in full force and effect until and including November 3, 1961. (3) Jurisdiction is retained for the purpose of entering any and all orders necessary to implement or enforce the provisions of this decree.