136 So.2d 370 (1962)
Thomas A. McQUOWN, Appellant,
v.
LAKELAND WINDOW CLEANING CO., Trading As Florida Cleaning Service Co., Appellee.
No. 2614.
District Court of Appeal of Florida. Second District.
January 17, 1962.
Thomas M. Langston, Lakeland, for appellant.
Edward I. Cutler of Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellee.
WHITE, Judge.
Thomas A. McQuown appeals a final decree enjoining him for one year from business competition with his former employer Lakeland Window Cleaning Company, a Florida corporation hereafter designated as the Company. The Company employed McQuown on November 1, 1958. On January 21, 1960 McQuown, as a condition of continued employment, voluntarily executed in favor of the Company a non-competitive covenant limited to Polk County, Florida, and extending for a period of five years after severance of employment.
Thomas McQuown was a night supervisor. He had the opportunity to see only a few of the Company's customers at night but was in contact with numbers of them during the day, answering complaints, solving problems and discussing contract terms. He negotiated at least one contract for the Company. Company records of material specifications, services to customers and prices charged were available to him. He had custody of one of three office keys utilized by the Company. On June 15, 1960 he voluntarily left his employment with the Company and set up his own cleaning and janitor service in Lakeland. He proceeded to serve customers previously served by the Company and submitted bids in competition with his former employer. The Company sought injunctive relief.
On final hearing the chancellor held for the plaintiff Company and enjoined McQuown from operating competitively for one year. McQuown contends on appeal that the chancellor misconceived the law and committed error in granting the injunction. *371 The Company urges, on cross assignment, that the chancellor erred in not making the injunction effective for the full five year period contemplated by the agreement.
Appellant McQuown's principal ground for reversal is that his covenant not to compete is unenforceable inasmuch as there was no mutuality of consideration and no involvement of special equity. Similar non-competitive covenants were, in fact, held unenforceable in Florida prior to the enactment of Florida Statutes, § 542.12(2), F.S.A., infra. Among the last cases arising prior to the effective date of the said statute was Arond v. Grossman, Fla. 1954, 75 So.2d 593, 595, wherein the Supreme Court of Florida ordered the dissolution of a permanent injunction. The court said:
"We have found no case nor have we been cited to one where a contract of employment with provision not to compete or work for a competitor has been upheld in this jurisdiction. Such contracts will not be enforced, absent special equity, and have generally been stricken down for `lack of mutuality.' * * *"
The court found pre-requisite mutuality in that particular case but, in ordering dissolution of the permanent injunction, held that the defendant should be enjoined from competing for a reasonable time only.
Section 542.12(2), F.S.A., enacted in 1953, provides in pertinent part as follows:
"* * * one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, * * * so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction."
In Atlas Travel Service v. Morelly, Fla. App. 1957, 98 So.2d 816, the First District Court of Appeal upheld a non-competitive covenant holding the provisions thereof to be well within the statute permitting enforcement of such agreements. The court, speaking through Judge Sturgis, said:
"[F.S. § 542.12,] F.S.A. clearly supersedes the common-law rule enunciated in Love v. Miami Laundry Co., supra. [118 Fla. 137, 160 So. (32) 35] The permissory language of the statute, whereby agreements of the character in suit `may', in the `discretion' of the court, `be enforced by injunction,' does not imply that the court is vested with an absolute or arbitrary discretion, and is construed as requiring that the discretion shall be reasonably exercised to the end that the object of the statute may not be nullified. The relief cannot be withheld when the proofs, as in the case on appeal, reveal no other alternative. Weston v. Jones, 41 Fla. 188, 25 So. 888; Mitchell v. Duncan, 7 Fla. 13, 14. The provisions of the instant contract relating to time and area are found to be reasonable, and well within the directive of the statute, and it is not otherwise harsh, oppressive or unjust."
Standard Newspapers, Inc. v. Woods, Fla. 1959, 110 So.2d 397, held the pertinent statute constitutional. In Tasty Box Lunch Company v. Kennedy, Fla.App. 1960, 121 So.2d 52, the court reversed a decree denying injunction where a former employee of Tasty Box had breached a non-competitive covenant signed three months after the original employment. In the latter case it had been urged defensively that the absence of a new consideration voided the agreement. The court noted that reasonable agreements of the type there involved are now enforceable under § 542.12(2), F.S.A. The court observed:
"The Atlas case [98 So.2d 816] appears to be controlling in this instance. Inasmuch as the employment was a *372 continuing contract terminable at the will of the employer or the employee, the continued employment and agreement to pay commissions was consideration for the employee's agreement not to compete.

"To hold that the agreement is unenforceable because the bargaining parties were not on equal terms would void nearly all such agreements and this would defeat the purpose of the statute." (Emphasis ours.)
From our study of the quoted cases and the facts of the instant case we do not perceive abuse of discretion in the decree appealed. The following statement in 22 Fla.Jur., Monopolies, § 11 expresses our own conclusion as to the effect and validity of the subject agreement as modified by the chancellor:
"A common provision of an employment contract is the employee will not, during or after termination of his employment, accept work with a competitor or become interested in a competing business. Early Florida cases held that such contracts would not ordinarily be enforced in equity in the absence of some special showing, and refused injunctive relief on the basis that there was a lack of mutuality or insufficient consideration moving from the employer. Under modern statutes, however, one who is employed as an agent or employee is authorized to agree with his employer to refrain from engaging in a similar business or from soliciting old customers of the employer within a reasonably limited time and area, so long as the employer continues to carry on a like business therein. And injunctive relief may be granted in such cases." (Emphasis ours.)
We are not unmindful that injunctions against violation of non-competitive agreements for periods of five years and longer have been held not unreasonable in some situations. However, as previously indicated, we can not say with judicial assurance that the chancellor in the present case exceeded his authority or abused his discretion in limiting the injunction to one year notwithstanding the five year provision in the covenant. Florida Tel. Corp. v. State, Fla.App. 1959, 111 So.2d 677; 2 Fla.Jur., Appeals, § 327.
At the conclusion of the trial defendant McQuown inquired of the chancellor whether or not he could sell his business, the chancellor having indicated that he would rule in favor of the plaintiff. This injected a question not specifically covered by the pleadings, viz., the question of damages in the event McQuown should dispose of his business and equipment to another party. The chancellor declined to incorporate in the final decree any reference to damages.
The Company urges, by cross assignment, that the chancellor should have considered damages, or in express terms retained jurisdiction for such purpose in view of the plaintiff's prayer for general relief. Granting that in a proper case a court of equity, having jurisdiction of an entire controversy, may award damages with injunctive relief, this is discretionary and may be left to separate litigation. The latter course would be clearly indicated where damages eo nomine had not as yet accrued. It is significant here that McQuown had not sold his business and equipment at the time of trial, so a condition precedent to accrual of damages by reason of such sale had not occurred. Damages ordinarily are not recoverable absent evidence of specific facts and circumstances from which damages may be ascertained with certainty. 9 Fla.Jur., Damages, § 14.
There appears no basis for disturbing the decree appealed.
Affirmed.
SHANNON, C.J., and SMITH, J., concur.