## ORKIN EXTERMINATING CO. OF FLORIDA, Inc. v. BRAGG.

No. 64-2519-E.

Circuit Court, Duval County.

May 18 and June 18, 1964.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for plaintiff.

Robert E. Hucker, Jacksonville, for defendant.

WILLIAM L. DURDEN, Circuit Judge.

*Temporary restraining order, May 18, 1964:* Plaintiff having filed herein its complaint for injunction and equitable relief, under F.S. 542.12 and other applicable law, to restrain defendant from violating certain non-competitive conditions embraced within his employment contract, this matter having come on to be heard, after due notice, on plaintiff's application for restraining order, the court having heard sworn testimony, received additional proof and affidavits, and the court having considered the matter, the court finds —

Defendant Bragg was employed by plaintiff, Orkin Exterminating Company of Florida, Inc., engaged in the pest control, exterminating, fumigation, and termite control business in Duval County, Florida, and surrounding areas, under a series of employment contracts, the latest dated October 14, 1958, under which contracts, as a condition of and in return for continued employment, and to preserve plaintiff's list of customers and other trade secrets, defendant specifically agreed not to compete with plaintiff, as hereinafter set forth.

Defendant Bragg resigned from plaintiff Orkin's employment on September 17, 1963.

Thereafter, defendant Bragg prevailed upon one Wade Lamar Wansley to reactivate Wansley's pest control operator's license, and since about October 15, 1963, defendant Bragg has been operating from his home under Wansley's pest control operator's license under the name of ABC Pest Control Service, in competition with and soliciting and servicing old and present customers of plaintiff Orkin, directly contrary to the provisions of said employment contract introduced into evidence herein.

Plaintiff Orkin is now and for many years past has engaged in the pest control and allied business in Duval County, Florida, and surrounding areas here involved.

And the court finds as a matter of law that F.S. 542.12 specifically authorizes such an employment contract as the one here under consideration, under which the — "employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area . . . so long as such employer continues to carry on a like business therein". The court further finds that the validity of this Florida statute, as applied to a situation comparable to the one before the court, has been upheld, among other cases, in Atlas Travel, Inc. v. Morelly (Fla. DCA2, 1962), 136 So.2d 370; Tasty Box Lunch Co. v. Kennedy (Fla. DCA3, 1960), 121 So.2d 52; Fountain v. Hudson (Fla. DCA3, 1960), 122 So.2d 232; Beery v. Plastridge (Fla. DCA2, 1962), 142 So.2d 332; Nenow v. Cassidy (Fla. DCA 2, 1962), 141 So.2d 636; and Approved Personnel v. Herman (Dade C.C., 1961), 19 Fla. Supp. 19. See also the annotation at 41 ALR 2d 102 and Orkin v. Truly Nolen (Fla. DCA3, 1960), 117 So.2d 419, at 421, where reference is made to trade secrets and customer's lists; and recent cases where Orkin employment contracts similar to that here were upheld and injunctions similar to that sought here were granted, i.e., Orkin v. Marchant (Ga. Sup. Ct. 1962), 127 S.E.2d 796, and Orkin v. Veal (Texas Civil Ct. of App. 1962), 355 S.W.2d 831.

There are also a number of unreported Florida cases where Florida circuit courts have granted injunctions similar to that sought here, e.g., Orkin v. Santisteban, Case No. 120152-C, Circuit Court of Hillsborough County, November 1, 1960; Orkin v. Donaldson, Case No. 130805-C, Circuit Court of Hillsborough County, June 28, 1963; Orkin v. Bridges, Case no. 51943-69-157, Circuit Court of Polk County, August 7, 1959; and Orkin v. Lyons, Circuit Court of Volusia County, Case No. 29,650-Chancery, July 15, 1960.

It is, therefore, ordered, adjudged and decreed that, pending the further order of this court, defendant Elton P. Bragg be, and he is hereby, enjoined and restrained from, and he shall not, either directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, company, partnership, or corporation

(a) call upon any customer or customers of the plaintiff solicited or contacted by defendant or whose account was serviced by defendant, pursuant to his employment hereunder, for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects;

(b) divert, solicit or take away any such customer or customers of the plaintiff or the business or patronage of any such customers of plaintiff for the purpose of selling a service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(c) call upon, divert or solicit any person, persons, company, partnership or corporation for the purpose of selling any service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects;

(d) engage in the pest control, exterminating, fumigating or termite control business; anywhere within the territory consisting of Jacksonville, Baldwin, Fernandina Beach, Green Cove Springs, Hastings, Macclenny, Marietta, Orange Park, St. Augustine and Yulee in Florida, and a ten-mile radius of each of these cities, as well as all of Duval County, Florida.

This temporary restraining order shall take immediate effect, plaintiff having filed with the court a bond in the amount of $2,500 conditioned to pay any damages which defendant may sustain in the event this temporary restraining order or injunction shall be found to have been improperly issued. Defendant and

his counsel have been advised by the court of the entry of this order and copies are being furnished them.

*Analysis by chancellor of reasons for conclusion reached, dictated into record, May 18, 1964:* I am satisfied that Mr. Bragg, by his own testimony, has required me to enter a temporary restraining order against him, and Mr. Bragg, I say that without any qualification.

At common law contracts such as the one before me were frowned on, as they were against public policy. They were not enforced by the courts, because the courts took the position that it was a large and drastic remedy for an employer to place on an employee. But we have a specific statute which authorizes these contracts in limited areas — section 542.12 of the Florida Statutes. They are limited in time and territory, as to when and where they will be enforced. This one is carefully limited to the area of service of the company by which you were employed.

Contrary to Mr. Hucker's position that your long tenure with the company justifies leniency, I think it is quite to the contrary.

I would be of the opinion that you have seen employees come and go who were faced with the contract signed and executed while they were working for Orkin, and you knew they could not compete. You knew the secrets of pest control, you knew the value of the lists of customers.

To say it is harsh is to admit the truth. But to say also, it is your signature on this contract that brings this law into play is also the truth. It is not something I have gone out and done to you. It is not something that Mr. Wahl has gone out and done to you. It is not something that Mr. Hucker has permitted to be done to you. I would assume, being the competent lawyer that he is, if you had gone to Mr. Hucker at the time this contract was signed, he would have read you the statute, and said, "I want you to know that what you have signed here, Mr. Bragg, that you may be forced to see this thing in court one of these days."

I am only requiring you to abide by your agreement. Whether or not all of the testimony on final hearing will justify the same ruling, I don't know. The defense you offer as to change of compensation does not, first, justify your position that it has been a decrease. In paragraph 3, it says, "The compensation of the employee may be increased at the sole and exclusive option of the company."

Why you came to a parting of the ways with them is difficult enough, and it is really not before me. Twenty seven years is a long time, and I am sorry that it came to that conclusion, but

I believe that in the 27 years you were with the company, and over the period of time that you executed these agreements, you knew full well if you ever came to a parting of the ways with them, whatever the reason, that you could not go out and immediately start competing with them and immediately start services — whether your voluntary act, or through the customer's voluntary act.

I hope you can find a way to go back with the company. There haven't been too many bridges burned behind you. But, that's not before me, either. I can justify nothing to avoid my complying with what I think the clear law is. Mr. Hucker raised the only point that is really worth considering, and he has appealed to my discretion, which the statute provides, but that discretion, as the cases will say by the hundreds — on which Mr. Hucker will agree — is not an unlimited or unbridled discretion. It does not mean that I can do what I well please.

It means that I can do what seems to be fair and equitable under the circumstances in the case, and if I find a justifiable reason for not enforcing the contract, I may do so. It does not mean that if I don't like the contract, I may not enforce it.

I am sorry, but, as I say, ultimately again, I am merely requiring and putting into operation this language, which is over your signature here [indicating]. If you make a different showing on final hearing, I will of course, be guided by it.

*Final decree for injunction, June 18, 1964*: This cause is before the court on application for final decree based upon the pleadings, the testimony and exhibits, the temporary restraining order, and argument of counsel for the parties.

Defendant Bragg admits he signed the non-competitive agreement with plaintiff, but contends this was abrogated by a subsequent change in his compensation. The agreement specifically provided its terms could not be changed except by instrument in writing. There is no showing of any such change by instrument in writing and defendant concedes he accepted, without protest, the pay checks he received from the plaintiff for several years after the alleged change in compensation. He thereby waived any claim of abrogation of the agreement. See 7 Fla. Jur. 223, 230; 12 Fla. Jur. 378, 381, 425; and Davis v. Davis (Fla. DCA1, 1960), 123 So.2d 377, 381.

The agreement provides that defendant would not compete with the plaintiff within the prescribed area or engage in the pest

control business within that area for a period of two years after the termination of his employment. Defendant's employment was terminated on September 17, 1963. Upon consideration, it is, therefore ordered, adjudged and decreed, that —

1. Until September 17, 1965, defendant Elton P. Bragg, be, and he is hereby enjoined and restrained from, and he shall not, either directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, company, partnership, or corporation

(a) call upon any customer or customers of the plaintiff solicited or contacted by defendant or whose account was serviced by defendant, pursuant to his employment hereunder, for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(b) divert, solicit or take away any such customer or customers of the plaintiff or the business or patronage of any such customers of plaintiff for the purpose of selling a service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(c) call upon, divert or solicit any person, persons, company, partnership or corporation for the purpose of selling any service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(d) engage in the pest control, exterminating, fumigating or termite control business;

anywhere within the territory consisting of Jacksonville, Baldwin, Fernandina Beach, Green Cove Springs, Hastings, Macclenny, Marietta, Orange Park, St. Augustine and Yulee in Florida, and a ten-mile radius of each of these cities; so long as plaintiff continues to engage in a like business therein.

2. The injunction bond filed by the plaintiff herein on May 18, 1964, in the amount of $2,500 with Continental Casualty Company as surety, be, and the same is hereby, cancelled and set aside, and the surety and principal therein are fully released and discharged of all liability under said bond.

3. Plaintiff Orkin Exterminating Company of Florida, Inc. has waived costs.