SHANNON, Acting Chief Judge.
The defendant appeals a final decree which enjoins him from engaging in the pest control business for two years in Tampa and the surrounding area.
Orkin employed the defendant as a combination pest control service man and salesman. The contract provided that for two years after leaving the employment of Orkin the defendant would not engage in the pest control business or attempt to service or do business with customers which he had previously serviced while employed by Orkin. The area in which the defendant agreed not to engage in this occupation was Tampa, Lutz, Dade City, Plant City, Zeph-yrhills, Valrico, Brandon, Gibsonton and Port Tampa.
*154 Soon after voluntarily terminating his employment with Orkin, the defendant was hired by Vincent to perform similar duties in the same geographical area. The chancellor found that the defendant, while employed by Vincent, solicited customers which he had previously serviced for Orkin, and in some instances had induced Orkin’s customers to transfer their business to Vincent at a lower price.
In 1953 the Florida Legislature enacted Sec. 542.12, Fla.Stat., F.S.A., which provides, in part, as follows:
“(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsection (2) and (3) hereof, is to that extent void.
“(2) One who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction.”
The parties have stipulated that the only issue is whether the exception set out in subsection (2) of Sec. 542.12, Fla.Stat., F.S.A., applies only to one who leaves his employment and subsequently becomes an owner or proprietor of his own business. The trial court answered this question in the negative.
In support of his position the appellant cites the following language found in Standard Newspapers, Inc. v. Woods, Fla.1959, 110 So.2d 397:
“We come, then, to the conclusion that the chancellor ruled correctly when he held the act constitutional. As for the appellee, as appellant concedes, he-is not prohibited as an employee from-securing a livelihood for his family but is only precluded from entering the field as a proprietor.”
In the Standard Newspapers case a seller of a newspaper business agreed not to re-enter the newspaper business, directly or indirectly, as owner, stockholder or partner in the same county for five years. The seller later contended that he was being prohibited from earning a livelihood in the county for his family, and the quotation set out above was the Court’s answer to this contention-The reason that the Court stated that the-seller was only precluded from entering the-field as a proprietor was because that was. what the agreement not to compete provided. Apparently the agreement did not preclude the seller from obtaining employment in the newspaper business.
Appellants’ contention that the exception in subsection (2) only applies to owners or proprietors cannot be sustained. The statute provides that “one who is employed, as an agent or employee may agree with his employer, to refrain from carrying on. or engaging in a similar business and from-, soliciting old customers of such employer * * *_» The appenant .became a salesman for a competitor of Orkin strictly on a. commission basis and then solicited customers whom he had previously serviced with Orkin. It is difficult to think of a factual situation to which this subsection could be more appropriately applied.
In Tasty Box Lunch Co. v. Kennedy, Fla.App.1960, 121 So.2d 52, drivers employed by Tasty were required to sign contracts not to compete for a period of six-months on the same route which they had covered for Tasty, and the contracts were-upheld. In Atlas Travel Service v. Morelly, Fla.App.1957, 98 So.2d 816, a contract not *155 do compete was upheld when a manager of one travel service left to become associated with a competitor.
To hold, as the appellant urges, that subsection (2) applies only to proprietors ■or owners of a business would be contrary to the language of the statute. The order .granting the injunction is affirmed.
Affirmed.
WHITE and ANDREWS, JJ., concur.