BARKDULL, Chief Judge.
The plaintiff in the trial court seeks review of an adverse order dissolving a temporally injunction and dismissing its complaint, which sought to enjoin the appellee from violating a non-competitive agreement in an employment contract.
The record on appeal reveals that the ap-pellee had been employed by the appellant for a number of years in various capacities, the last of which was as its sales manager. During the course of this employment, the-appellee had executed a number of employment agreements containing restrictive covenants against competition with the appellant subsequent to the termination of the employment.[1] The relationship of employer and employee terminated in the summer of 1964, whereupon the appellee commenced a similar line of employment as a salesman with a competitor of the appellant, prompting the institution of the cause of action in the trial court. A temporary injunction was entered, enjoining the appellee from pursuing this employment,, which injunction was subsequently dissolved by the chancellor upon a finding that the covenant against non-competition [contained in the employment agreement between the appellant and the appellee] was-violative of § 542.12(2), Fla.Stat., F.S.A.,[2] and this appeal ensued.
*338 Subsequent to the rendition of the order here, under review and prior to the submission of ths case for oral argument, this court decided the case of American Building Maintenance Co. of Oakland v. Fagelman, Fla.App.1964, 167 So.2d 791, and the Second District Court of Appeal decided the case of Fogle v. Orkin Exterminating Company of South Florida, Inc., Fla.App.1964, 168 So.2d 153 (opinion filed October 23, 1964) wherein the court said the following, in affirming an injunction enforcing a restrictive covenant similar to the one contained in the contract in the case at bar:
«* * *
“In support of his position the appellant cites the following language found in Standard Newspapers, Inc. v. Woods, Fla.1959, 110 So.2d 397:
“ ‘We come, then, to the conclusion that the chancellor ruled correctly when he held the act constitutional. As for the appellee, as appellant concedes he is not prohibited as an employee from securing a livelihood for his family but is only precluded from entering the field as a proprietor.’
In the Standard Newspapers case a seller of a newspaper business agreed not to re-enter the newspaper business, directly or indirectly, as owner, stockholder or partner in the same county for five years. The seller later contended that he was being prohibited from earning a livelihood in the county for his family, and the quotation set out above was the Court’s answer to this contention. The reason that the Court stated that the seller was only precluded from entering the field as a proprietor was because that was what the agreement not to compete provided. Apparently the agreement did not preclude the seller from obtaining employment in the newspaper business.
“Appellants’ contention that the exception in subsection (2) only applies to owners or proprietors cannot be sustained. The statute provides that ‘one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer * * *.’ The appellant became a salesman for a competitor of Orkin strictly on a commission basis and then solicited customers whom he had previously serviced with Orkin. It is difficult to think of a factual situation to which this subsection could be more appropriately applied.

“To hold, as the appellant urges, that subsection (2) applies only to proprietors or owners of a business would be contrary to the language of the statute. The order granting the injunction is affirmed.
“ * * *»
From the record on appeal in this case, it appears that the factual situation herein is almost identical to the factual situation recited by the court in Fogle v. Orkin Exterminating Company of South Florida, Inc., supra, and this court’s opinion should be in conformity with it. Therefore, the order here under review is hereby reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded, with directions.

. «* * * TRe Employee expressly covenants and agrees, which covenants and agreements are of the essence of this contract, that he will not, during the tex-m of this agreement and for a period of two (2) years immediately following the termination of this agreement for any reason whatsoever, directly or indirectly, for himself or on hehalf of, or in conjunction with, any other person, persons, company, partnership or corporation:
(a) call upon any customer or customers of the Companies, whose account was solicited or serviced by the Employee or whose account was solicited or serviced by any employee of the Companies under the supervision and control of the Employee, pursuant to his employment hereunder, for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects anywhere within the territory as stated in Paragraph 7 (d)

. “ * * * the Court having examined the Memorandum of Law, filed by respective counsel, and being otherwise fully-advised in the premises, does find that the-Defendant, LEO LEFKOWITZ, has not and is not engaged in the pest-controlt business in a proprietory capacity. Therefore, the provisions of Paragraph T (a), (b), (c) and (d) of that certain. Employment Contract, by and between Plaintiff and Defendant, Exhibit A of' Plaintiff’s Complaint do not prohibit Defendant, LEO LEFKOWITZ, as an employee, from securing a livelihood for-his family, but only precludes him from, entex-ing the pest-control field as a pro *338 prietor. Any other construction of said provisions is contrary to the public policy of the State of Florida, as enunciated in Florida Statute 542.12(2) on the authority of Standard Newspapers, Inc. v. Woods, 110 So.2d 397 (Florida 1959) and Courtney vs. Storz Broadcasting Co., 64C-5471 (Dade County, Florida, 1964).” * # * * *