178 So.2d 40 (1965)
STORZ BROADCASTING CO., a Nebraska corporation, Appellant,
v.
Alan COURTNEY and Rand Broadcasting Co., a Florida corporation, Appellees.
No. 64-756.
District Court of Appeal of Florida. Third District.
July 20, 1965.
Rehearing Denied September 17, 1965.
Faunce, Fink & Forman, Miami, for appellant.
Klein, Moore & Kline, Sibley, Giblin & Levenson, Miami Beach, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
CARROLL, Judge.
This is an appeal by the defendant below from an adverse declaratory decree. The plaintiff-appellee Courtney entered into a contract of employment with the appellant *41 Storz Broadcasting Co., hereinafter referred to as the company, "to act as a commentator, moderator and master of ceremonies for a three-hour radio and/or television discussion program, six nights a week." The term of the contract was three years, commencing October 1, 1958, with options to the company to extend the contract three additional years. The contract was so extended, and the employment period ended September 30, 1964.
The contract contained a covenant that during the period of employment Courtney would work exclusively for the company and would not engage in another business or perform such services for another person or firm,[1] and a covenant against competing for eighteen months in event his employment with the company was terminated for any reason other than discharge without cause.[2]
Some five months prior to the end of the term of employment under the contract as extended, Courtney filed this suit against the company seeking declaratory decree as to whether the latter covenant would restrict him after the contract period. The matter to be determined, as submitted to the trial court by stipulation of the parties, was as follows:
"* * * [T]he sole question or issue which the court, in and by its final declaratory decree, shall determine and decide in this suit is whether or not, when the mentioned agreement shall have terminated by its own terms and the plaintiff shall have left the employ of Storz Broadcasting Co., the quoted covenant shall be enforceable against the plaintiff for a period of 18 months from the date of termination of the mentioned agreement and the cessation of such employment. * * *"
In a final decree entered August 18, 1964, the trial court answered that question by holding the restriction would not be enforceable after the end of the term of the contract because taking similar employment with another radio station (as intended) would not be "engaging in a similar business," and therefore not within the exceptions stated in § 542.12(2), Fla. Stat., F.S.A.; and holding further that, if enforceable, the trial court would exercise a discretion not to enforce the contract in this instance.[3]
*42 Appellant contends, and with merit, that the trial court was in error in so holding. It is now established that accepting employment in a similar business falls within the term "engaging in a similar business" as used in the statute, and therefore is within the exceptions stated in § 542.12(2), Fla. Stat., F.S.A. Fogle v. Orkin Exterminating Co. of So. Fla., Inc., Fla. App. 1964, 168 So.2d 153; Orkin Exterminating Co. of So. Fla., Inc. v. Lefkowitz, Fla.App. 1964, 169 So.2d 336. In justice to the trial judge it should be noted his decree preceded those decisions. Nor was the trial court free to elect not to enforce the contract, if thus breached. The limit on the discretion referred to in the statute was disclosed in an opinion prepared by Chief Judge Sturgis in the first district court of appeal in Atlas Travel Service v. Morelly, Fla.App. 1957, 98 So.2d 816, 818. The validity of the statute involved (subsections (1) and (2) of § 542.12, Fla. Stat., F.S.A.) was established by the Supreme Court in Standard Newspapers, Inc. v. Woods, Fla. 1959, 110 So.2d 397.
Notwithstanding the foregoing, the decree should be affirmed because the covenant not to compete related to termination of employment during the term and was not applicable after the employment contract was fully performed. When in the opinion of an appellate court a ground exists for upholding a decree which is challenged on appeal the decree will be affirmed although the reasons relied on by the trial court are rejected. Chase v. Cowart, Fla. 1958, 102 So.2d 147, 150; Tri-County Produce Distr. v. Northeast Prod. Cr. Ass'n, Fla.App. 1963, 160 So.2d 46, 49.
Examination of the contract involved in this case, with particular reference to the paragraphs quoted in the margin, leads to the conclusion that the covenant relating to restriction against competing was applicable only to termination of employment during the term. The Supreme Court of Indiana so construed a similar contract, in the case of Jenkins v. King, 224 Ind. 164, 65 N.E.2d 121, 163 A.L.R. 397.
Applicable canons of construction support this ruling. Thus, in construing contracts in restraint of trade, ambiguous or doubtful language is to be construed against the restraint. Ream v. Callahan, 2 Cir.1943, 136 F.2d 194, 197; Richardson v. Paxton Co., 203 Va. 790, 127 S.E.2d 113, 117. When a contract provision is inserted for the benefit of a party, any ambiguity therein must be construed more strongly against that party. McGhee Interests v. Alexander Nat. Bank, 102 Fla. 140, 135 So. 545, 548; Capitol City Bank v. Hilson, 59 Fla. 215, 51 So. 853, 855. Contracts of an employee not to engage in a competing business, being in the nature of contracts in restraint of trade and personal liberty, will not be construed to extend beyond their proper import, or further than the language of the contract absolutely requires. Parkway Baking Co. v. Freihofer Baking Co., 3 Cir.1958, 255 F.2d 641, 647; Combined Insurance Co. of America v. Bode, 247 Minn. 458, 77 N.W.2d 533, 536; Adams v. Adams, 156 Neb. 778, 58 N.W.2d 172, 179.
Accordingly, for the reason stated, the decree appealed from is affirmed.
Affirmed.
*43 TILLMAN PEARSON, Judge (dissenting).
I cannot read the meaning given to the contract into the plain words thereof. I therefore dissent. See: Atlas Travel Service, Inc. v. Morelly, Fla.App. 1957, 98 So.2d 816; McQuown v. Lakeland Window Cleaning Co., Fla.App. 1962, 136 So.2d 370; Fogle v. Orkin Exterminating Company of So. Florida, Inc., Fla.App. 1964, 168 So.2d 153.
NOTES
[1] Paragraph numbered one of the contract provided as follows:

"The Company hereby employs and engages Artist to act as a commentator moderator and master of ceremonies for a three-hour radio and/or television discussion program, six nights a week. In addition thereto, Artist will assist in station's public relations as a Public Relations Director, and will further perform duties of an executive nature as the Company may request. The Artist hereby accepts such employment and agrees and covenants that throughout the term of this agreement he will devote his entire and undivided time and attention, solely and exclusively, to the Company business, and will not be engaged or interested in any other business or occupation, nor perform any similar services for any other person or firm or corporation."
[2] Paragraph numbered eight of the contract provided as follows:

"Artist hereby further agrees and covenants that upon termination of his employment with the Company for any reason other than Company terminating employment without just cause, he shall not directly or indirectly, for a period of eighteen months from the date that Artist should cease to be employed by the Company, accept employment from, or appear on, or become financially interested in, any radio or television station whose station, offices or antenna is located within a radius of thirty-five miles of any city in which the Company now, or during the term of this agreement, owns or have entered into an agreement to purchase a broadcasting station."
[3] "§ 542.12 [Fla. Stat., F.S.A.] Contracts in restraint of trade invalid; exceptions

"(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsection (2) and (3) hereof, is to that extent void.
"(2) One who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction.
"(3) * * *
"(4) * * *