**ORKIN EXTERMINATING CO., Inc. v. HOWELL, et al.**
No. 40384.

Circuit Court, Volusia County.

September 26, 1966.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for plaintiff.

Ralph R. Clayton of Clayton & Roberson, DeLand, for defendants.

JAMES T. NELSON, Circuit Judge.

*Temporary restraining order:* Plaintiff having filed herein its complaint for injunction and equitable relief under F.S. 542.12 and other applicable law, to restrain defendants from violating certain non-competitive conditions embraced within their employment contracts, this matter having come on to be heard after due notice on plaintiff's application for restraining order, the court having heard sworn testimony on behalf of both the plain-

tiff and the defendants and having received additional proof and affidavits, and the court having considered the matter and being fully advised in the premises, it is ordered, adjudged and decreed —

1. The equities of the cause are with the plaintiff.

2. The plaintiff is entitled to injunctive relief.

3. Each of the defendants entered the employ of the plaintiff under employment contract, under which contracts, as a condition of and in return for continued employment, and to preserve plaintiff's lists of customers and other trade secrets, defendants specifically agreed not to compete with plaintiff as hereinafter set forth.

4. Each of the defendants has violated said employment contract, and since termination of his employment with plaintiff, has engaged in the pest control and exterminating business, specifically contrary to the terms of his employment contract. Each has refused plaintiff's written demand that he discontinue such activity.

5. As held in Orkin v. Bragg (Fla. C.C. 1964), 23 Fla. Supp. 124, a case on all fours with this one, and as this court holds here —

And the court finds as a matter of law that F.S. 542.12 specifically authorizes such an employment contract as the one here under consideration, under which the — "employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area . . . so long as such employer continues to carry on a like business therein". The court further finds that the validity of this Florida statute, as applied to a situation comparable to the one before the court, has been upheld, among other cases, in Atlas Travel, Inc. v. Morelly (Fla. DCA2, 1962), 136 So.2d 370; Tasty Box Lunch Co. v. Kennedy (Fla. DCA3, 1960), 121 So.2d 52; Fountain v. Hudson (Fla. DCA3, 1960), 122 So.2d 232; Beery v. Plastridge (Fla. DCA2, 1962), 142 So.2d 332; Nenow v. Cassidy (Fla. DCA2, 1962), 141 So.2d 636; and Approved Personnel v. Herman (Dade C.C., 1961), 19 Fla. Supp. 19. See also the annotation at 41 ALR 2d 102 and Orkin v. Truly Nolen (Fla. DCA3, 1960), 117 So.2d 419, at 421, where reference is made to trade secrets and customer's lists; and recent cases where Orkin employment contracts similar to that here were upheld and injunctions similar to that sought here were granted, i.e., Orkin v. Marchant (Ga. Sup. Ct. 1962), 127 S.E.2d 796, and Orkin v. Veal (Texas Civil Ct. of App. 1962), 355 S.W.2d 831.

There are also a number of unreported Florida cases where Florida circuit courts have granted injunctions similar to that sought here, e.g., Orkin v. Santisteban, Case No. 120152-C, Circuit Court of Hillsborough County, November 1, 1960; Orkin v. Donaldson, Case

No. 130805-C, Circuit Court of Hillsborough County, June 28, 1963; Orkin v. Bridges, Case no. 51943-69-157, Circuit Court of Polk County, August 7, 1959; and Orkin v. Lyons, Circuit Court of Volusia County, Case No. 29,650-Chancery, July 15, 1960.

Two recent cases to the same effect where injunctions similar to that sought here were upheld by the Florida appellate courts are Orkin v. Lefkowitz (Fla. DCA3, 1964), 169 So.2d 336, and Fogle v. Orkin (Fla. DCA2, 1964), 168 So.2d 153.

6. Plaintiff's motion for temporary restraining order be, and the same is hereby, granted, and defendant Marshall E. Howell be, and he is hereby, enjoined and restrained from, and he shall not, either directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, company, partnership, or corporation, until further order of the court —

(a) call upon any customer or customers of the plaintiff solicited or contacted by defendant or whose account was serviced by defendant, pursuant to his employment hereunder, for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(b) divert, solicit, or take away any such customer or customers of the plaintiff or the business or patronage of any such customers of plaintiff for the purpose of selling a service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(c) call upon, divert or solicit any person, persons, company, partnership, or corporation for the purpose of selling any service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects;

(d) engage in the pest control, exterminating, fumigating or termite control business as manager, serviceman, salesman or supervisor;

anywhere within the territory consisting of Daytona Beach, DeLand, Flagler Beach, Holly Hill, New Smyrna Beach, Bunnell, Orange City, Ormond Beach, and Port Orange, all within the state of Florida.

7. It is further ordered that defendant Joe D. Smith, be, and he is hereby, enjoined and restrained from, and he shall not, either directly or indirectly, for himself or on behalf of or in connection with any other person, persons, company, partnership, or corporation, until further order of the court —

(a) call upon any customer or customers of the plaintiff solicited or contacted by defendant or whose account was serviced by defendant, pursuant to his employment hereunder, for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(b) divert, solicit or take away any such customer or customers of the plaintiff or the business or patronage of any such customers of plaintiff for the purpose of selling a service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(c) call upon, divert or solicit any person, persons, company, partnership, or corporation for the purpose of selling any service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects;

(d) service any contracts or accounts for other employers, or himself;

(e) engage in the pest control, exterminating, fumigating or termite control business as serviceman or salesman;

anywhere within the territory consisting of DeLand, Daytona Beach, Orange City, Samsula, Lake Helen, Pierson, Seville, Holly Hill, and Ormond Beach, all in the state of Florida.

8. This temporary restraining order shall take immediate effect, plaintiff having filed with the court a bond in the amount of $1,000 conditioned to pay any damages which either defendant may sustain in the event this temporary restraining order shall be found to have been improperly issued. Each defendant has been advised by the court of the entry of this order and copies are being furnished each of them.