## ORKIN EXTERMINATING CO., Inc. v. McKENDREE.

No. 71-4524.

Circuit Court, Duval County.

June 24, 1971.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for plaintiff.

John J. Sulik of Dawson, Galant, Maddox, Boyer, Sulik & Nichols, Jacksonville, for defendant.

MARION W. GOODING, Circuit Judge.

*Final judgment and permanent injunction:* This cause is before the court on application for final judgment and permanent injunction based upon the pleadings, testimony and exhibits, temporary restraining order and argument of counsel for the parties.

After notice and full hearing, the court on May 28, 1971 entered its temporary restraining order, copy of which was furnished to both the defendant in person and to his counsel at the close of the hearing.

Theretofore on May 26, 1971, complaint and process had been served on the defendant.

Plaintiff on June 16, 1971, served and filed motion for final judgment and permanent injunction, and gave defendant notice that it would be presented to the court on June 24, 1971.

Defendant thereafter on June 18, 1971 served by mail an answer, portions of which plaintiff has moved to strike as a sham, and in direct conflict with his own sworn testimony, under Rule 1.150(a).

While in this answer defendant purports to deny certain material allegations of the complaint, yet in paragraph 3 of the answer he "admits that he has worked as a serviceman for Action Exterminators, Inc. prior to the issuance of the temporary injunction." He also admits in his answer the execution of the non-competitive agreements. These admissions are in partial conflict with defendant's blanket denials in paragraph 2 of his answer. The defendant testified at the hearing on temporary restraining order. He admitted that he had signed many non-competitive agreements with the plaintiff in which he specifically agreed not to compete with plaintiff either as a salesman or serviceman for two years after leaving plaintiff's employ within the area hereinafter described.

A contract of this type has been upheld by the Supreme Court of Florida in Capelouto v. Orkin, (Fla. 1966) 183 So.2d 532. That case involved the same plaintiff and the same kind of contract here involved. It covered not several counties as here but 16 counties and upheld a two year period as being reasonable. Other cases to the same effect include: Orkin v. Bragg (Duval CC 1964), 23 Fla. Supp. 124; Orkin v. Howell (Volusia CC 1966) 28 Fla. Supp. 1; Orkin v. Lefkowitz (Fla. DCA.3 1964) 169 So.2d 336; Fogle v. Orkin (Fla. DCA.2 1964) 168 So.2d 153. See also 22 Fla. Jur., *Monopolies* §11.

It is the contention of defendant that merely acting as a serviceman instead of a salesman is not sufficient to invoke F.S. 542.12 authorizing this type of non-competitive agreement, and the principles of the cited Florida cases.

The court expressly holds, however, that acting as a serviceman for a competing pest control company is a direct violation of the contract and falls within the purview of the above cited statutes and authorities.

Further the court holds that under the testimony defendant was employed by plaintiff both as a serviceman and salesman; that defendant in addition to being a so-called serviceman for, was actually vice president and a director of, Action Exterminators, Inc., a pest control company which he helped organize and which admittedly is in direct competition with plaintiff. Accordingly the motion of plaintiff to strike those portions of defendant's answer which are in conflict with his sworn testimony should be granted. See Rule 1.150(a); 25 Fla. Jur., *Pleadings* §133; 19 Fla. Jur., *Judgments* §322; and 30 Fla. Jur., *Summary Judgments* §11.

The court holds that the plaintiff is now entitled to a final judgment.

Defendant in his objection questions the matter being before the court as the case was filed in division H and then heard by the judge of division D. When this case was filed, the judge in division H was not available and the application for temporary restraining order was heard by the undersigned, with the assent of the judge of division H, and without objection from defendant. The undersigned having heard the testimony on application for temporary restraining order, the judge of division H agrees the case should be continued to be handled by the undersigned.

Defendant's answer admits enough of the complaint to justify a permanent injunction. The routine denials in his answer are partially in conflict with the sworn testimony of the defendant where he admits the pertinent portions of the complaint. Upon inquiry by the court, defendant and his counsel, both of whom were personally present at final hearing, admit that they do not dispute defendant's testimony on the hearing for temporary restraining order.

Upon consideration, therefore, it is ordered and adjudged —

Plaintiff's motion to strike those portions of defendant's answer which are in conflict with his own sworn testimony is granted.

Defendant's objection to plaintiff's motion for final judgment and permanent injunction is overruled.

Plaintiff's said motion be and the same is hereby granted. The testimony and exhibits before the court fully support final judgment and permanent injunction.

Until March 1, 1973, defendant Eugene G. McKendree be, and he is hereby enjoined and restrained from, and he shall not, either directly or indirectly, for himself or on behalf of, or in conjunction with, any other person, persons, company, partnership, or corporation —

(a) Call upon any customer or customers of the plaintiff solicited or contacted by defendant or whose account was serviced by defendant, pursuant to his employment hereunder, for the purpose of soliciting or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(b) Divert, solicit, or take away any such customer or customers of the plaintiff or the business or patronage of any such customers of plaintiff for the purpose of selling a service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles, or other insects;

(c) Call upon, divert or solicit any person, persons, company, partnership, or corporation for the purpose of selling any service for the eradication or control of rats, mice, roaches, bugs, vermin, termites, beetles or other insects;

(d) Service any contract or accounts for other employers, or for himself;

(e) Engage in the pest control, exterminating, fumigating or termite control business as manager, serviceman, salesman or supervisor, anywhere within the territory consisting of:

Jacksonville, St. Augustine, Yulee, Fernandina, Green Cove Springs, Orange Park, Callahan, Hilliard, Maccleny, Baldwin, and Jacksonville Beach,

all within the state of Florida; this territorial limitation applying to subparagraphs (a) through (e) above.

Plaintiff's $1,000 bond on temporary restraining order with United States Fidelity & Guaranty Company as surety be and the same is hereby cancelled and terminated.

Plaintiff, Orkin Exterminating Company, Inc., shall have and recover from defendant, Eugene G. McKendree, its costs hereby taxed by the court in the amount of $77.75.