### ORKIN v. WAITS
Case No. 82-5905-CA
Fourth Judicial Circuit, Duval County
July 1, 1982

Harold B. Wahl, for plaintiff.

Rodney W. Smith, for defendant.

VIRGINIA Q. BEVERLY, Circuit Judge

Plaintiff having filed herein its Complaint for Injunction and equitable relief under F.S. 542.12 and other applicable law, to restrain defendant from violating certain non competitive conditions embraced within his employment contract, this matter having come on to be heard after due notice on plaintiff's application for a Preliminary Injunction, the Court having heard sworn testimony on behalf of the plaintiff, and the defendant, through counsel, having advised the Court he would not be present, and the Court having considered the matter and being fully advised in the premises, it is thereupon:

ORDERED, ADJUDGED and DECREED:

1. The equities of the cause are with the plaintiff.

2. The plaintiff is entitled to injunctive relief.

3. Defendant entered the employ of the plaintiff under an employment contract, under which contract, as a condition of and in return for continued employment, and to preserve plaintiff's lists of customers

and other trade secrets, defendant specifically agreed not to compete with plaintiff as hereinafter set forth.

4. Defendant has violated said employment contract, and since termination of his employment with plaintiff, has engaged in the pest control and exterminating business, specifically contrary to the terms of his employment contract. He has refused plaintiff's written demand that he discontinue such activity.

5. As held in *Orkin v. Bragg* (Fla. CC 1964), 23 Fla. Supp. 124, and *Orkin v. Newton* (Fla. CC 1981), Case No. 81-1300-CA, cases on all fours with this one, decided by the Circuit Court of Duval County, Florida and as this Court holds here:

> "And the Court finds as a matter of law that F.S. 542.12 specifically authorizes such an employment contract as the one here under which the 'employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area—so long as such employer continues to carry on a like business therein'. The Court further finds that the validity of this Florida statute, as applied to a situation comparable to the one before the Court, has been upheld, among other cases, in *Atlas Travel, Inc. v. Morrelly* (Fla. C.D.A. 1—1957), 98 So.2d 816; *McQuown v. Lakeland Window Cleaning* (Fla. D.C.A. 2—1962), 136 So.2d 370; *Tasty Box Lunch Co. v. Kennedy* (Fla. D.C.A. 3—1960), 121 So.2d 52; *Fountain v. Hudson* (Fla. D.C.A. 3—1960), 122 So.2d 232; *Barry v. Plastridge* (Fla. D.C.A. 3—1962) 142 So.2d 332; *Neno v. Cassidy* (Fla. D.C.A. 2—1962), 141 So.2d 636; and *Approved Personnel v. Herman* (Dade CC 1961), 19 Fla. Supp. 19. See also the Annotation at 41 ALR2d 102 and *Orkin v. Truly Nolen* (Fla. D.C.A. 3—1960), 117 So.2d 419, at 421, where reference is made to trade secrets and customer's lists; and recent cases where Orkin employment contracts similar to that here were upheld and injunctions similar to that sought here were granted, i.e., *Orkin v. Marchant* (Ga. Sup. Ct. 1962), 127 S.E.2d 796, and *Orkin v. Veal* (Texas Civ. Ct. of App. 1962), 355 S.W.2d 831. There are also a number of unreported Florida cases where Florida Circuit Courts have granted injunctions similar to that sought here, e.g., *Orkin v. Santisteban*, Case No. 120152-C, Circuit Court of Hillsborough County, Florida, November 1, 1960; *Orkin v. Donaldson*, Case No. 130805-C, Circuit Court of Hillsborough County, Florida, June 28, 1963; *Orkin v. Bridges*, Case No. 51943-69-157, Circuit Court of Polk County,

Florida, August 7, 1959; and *Orkin v. Lyons*, Circuit Court of Volusia County, Florida, Case No. 29,650-Chancery, Division 'B', July 15, 1960.''

See *Orkin v. McKendree*, (CC Duval 1971), 35 Fla. Supp. 191, and *Orkin v. Newton*, *supra*, in each of which it is stated:

"A contract of this type has been upheld by the Supreme Court of Florida in *Capelouto v. Orkin*, (Fla. 1966), 183 So.2d 532. That case involved the same plaintiff and the same kind of contract here involved. It covered not several counties as here, but 16 counties, and upheld a two year period as being reasonable. Other cases to the same effect include: *Orkin v. Bragg* (Duval CC 1964), 23 Fla. Supp. 124, *Orkin v. Howell* (Volusia CC 1966), 28 Fla. Supp. 1; *Orkin v. Lefkowitz*, (Fla. D.C.A. 3—1964), 169 So.2d 336; *Fogle v. Orkin*, (Fla. D.C.A. 2—1964), 168 So.2d 153. See also 22 Fla. Jur., Monopolies §11.

"It is the contention of defendant that merely acting as a serviceman instead of a salesman is not sufficient to invoke F.S. 542.12 authorizing this type of noncompetitive agreement, and the principles of the cited Florida cases.

"The court expressly holds, however, that acting as a serviceman for a competing pest control company is a direct violation of the contract and falls within the purview of the above cited statutes and authorities." (underscoring added.)

Injunctions similar to that sought here were also recently granted in *Orkin v. Blair*, et al., Case No. 79-9046-16, Circuit Court of Pinellas County, Florida, entered August 31, 1979; and *Orkin v. Enfinger*, Case No. C1-80-7700, Circuit Court of Orange County, Florida, entered August 8, 1980 and *Ziff-Davis v. Shearer*, Case No. 80-15131, Circuit Court of Duval County, Florida, entered April 20, 1981. See also *Suave Shoe v. Fernandez*, (Fla. D.C.A. 3—1980) 399 So.2d 799.

6. Plaintiff's Motion for Preliminary Injunction be, and the same is hereby granted, and defendant be, and he is hereby enjoined and restrained from, and he shall not, either directly or indirectly, for himself, or on behalf of or in conjunction with any other person, persons, company, partnership, or corporation, until further order of this Court:

(a) Call upon any customer or customers of the plaintiff for the purpose of soliciting, servicing or selling any pest control, exterminating, fumigating or termite control service for the eradication or control of,

without limitation, rats, mice, roaches, bugs, vermin, termites, beetles, or other insects, rodents and birds;

(b) Directly or indirectly, along or in any capacity, solicit or in any manner attempt to solicit or induce any person or persons employed by the plaintiff or any parent, subsidiary or affiliated corporation to leave such employment for purposes of engaging in such prohibited activities, or

(c) Divert, solicit, service, or take away any customer or customers of the plaintiff for the purpose of selling a service for eradication or control of, without limitation, rats, mice, roaches, bugs, vermin, termites, beetles or other insects, rodents, or birds, within the territory; or

(d) Engage in the pest control, exterminating, fumigating or termite control business;

Anywhere within the following jurisdictions or territories: the Counties of Duval, Baker, Nassau, Clay, Hamilton, Suwannee and Columbia, all in the State of Florida, or within any jurisdiction or territory in which the employee worked for the Company at any time during the six (6) calendar months preceding termination of employment, and identified in an employment agreement with the Company.

7. This Preliminary Injunction shall take immediate effect, provided plaintiff shall file with the Court within two (2) days a bond in the amount of $1,500, conditioned to pay any damages which defendant may sustain in the event this Preliminary Injunction shall be found to have been improperly issued. Defendant's counsel has been advised of the entry of this Injunction and a copy is being furnished to both defendant and his counsel.