**DAVIS–ROBERTSON AGENCY et al.**

v.

**DUKE et al.**

**Civ. No. 384.**

United States District Court,
E. D. Virginia,
Newport News Division.

Nov. 17, 1953.

A. Yates Dowell, Washington, D. C., for plaintiff.

A. L. Bivins, Newport News, Va., for defendant.

STERLING HUTCHESON, Chief Judge.

This is an action instituted by William R. Davis and Mattie Sue Robertson operating a partnership under the name of Davis-Robertson Agency, of Memphis, Tennessee, and A. Lee Robertson, general agent of said partnership, against Arthur Boykin Duke, trading as Duke Advertising Agency, of Gadsden, Alabama.

After alleging diversity of citizenship between the parties and the requisite jurisdictional amount involved, the complaint alleges that the plaintiffs operate an advertising agency, the business of which is to procure from various merchants and operators of other businesses (herein referred to as customers) advertisements which the plaintiffs then have inserted in a newspaper circulated in the vicinity of operations of such customers. It is alleged that the defendant operates a similar business and that defendant registered in the Copyright Office a sheet of advertisements designated "Business Review Advertisements". It is further alleged that the defendant has approached various customers and publishers of newspapers who purchased and published advertisements prepared by plaintiffs and advised said persons

that because of defendant's copyright, he, defendant, had exclusive right to publish advertisements of the character and type involved and that should said customers and publishers deal with the plaintiffs in such advertisements they, as well as the plaintiffs, would be infringing said copyright. The plaintiffs allege that the defendant has no valid copyright as represented by him and therefore he is wrongfully embarrassing, harassing and injuring the plaintiffs in their advertising business.

Plaintiffs request the Court: to enjoin the defendant from representing to their publishers and advertising subscribers that defendant has a copyright covering advertising material prepared by plaintiffs; to enjoin defendant from employing the designation "Copyright Register No. A–132–204", or words of similar import on material which is not in fact copyrighted by the defendant; to enjoin defendant from threatening legal action against publishers and subscribers of plaintiffs' advertising material and to award plaintiffs damages caused by wrongful representations made by the defendant with respect to his alleged copyright and to award plaintiffs attorneys' fees and costs.

The defendant filed an answer and counterclaim, in which he alleges that he has a valid copyright on the advertising material contained in four volumes of exhibits filed in this proceeding labeled "Business Review Advertisements, Volume One, Volume Two, Volume Three, Volume Four" and bearing on the cover of each volume the words "Copyright 1949 by A. B. Duke—All Rights Reserved". At the foot of each page of each volume the words "Copyright 1949 by A. B. Duke—All Rights Reserved" appear.

The defendant contends that he has a valid copyright on all of the material therein contained and that plaintiffs have copied some of that material which they have sold and published and are continuing so to do. The defendant contends that this constitutes an infringement of his copyright.

In addition to his alleged copyright the defendant relies on a contract which he had with each of the plaintiffs who were formerly employed by him. During the time of each plaintiff's employment with defendant each plaintiff signed a contract which contained a clause to the effect that each plaintiff would refrain from carrying on a similar business or engaging in such business or in any manner using the idea or methods of advertising then or thereafter carried on by the defendant for a period of five years after termination of such employment with the defendant. Defendant contends that such a five-year period had not expired with respect to either of the plaintiffs.

By reason of said alleged copyrights and contracts the defendant requests the Court to enjoin each of the plaintiffs from violating his copyright; from engaging in a competing business in violation of the above mentioned clause of the contracts; and seeks payment from plaintiffs of all profits and gains derived from the infringement of copyright or from the violation of the contracts; and as further relief that the plaintiffs be enjoined from further infringement of his copyright or violation of the contracts; and attorneys' fees and costs.

The evidence disclosed that in October 1949 the defendant filed with the Copyright Office a work entitled "Business Review Advertisements" and which was registered in the name of Arthur Boykin Duke under number AA132204 and that both copies of the work deposited were transferred to the Library of Congress in February 1952. They have since been disposed of and the Copyright Office will not now certify as to them. At the trial, however, the defendant introduced as Exhibits No. 3, 20, 21 and 22, four paper-bound volumes labeled on the cover page "Business Review Advertisements, Volume One, Copyright 1949 by A. B. Duke—All Rights Reserved". Volumes Two, Three and

Four were similarly labeled. The defendant testified that these were true copies of the work registered with the Copyright Office.

In each of these volumes are numerous pages. Each page contains different advertisements relating to several different types of businesses. At the lower right corner of each page the words "Copyright 1949 by A. B. Duke—All Rights Reserved" appear.

The evidence disclosed that subsequent to October 1949, the defendant, and each of the plaintiffs while working for him, called on customers and solicited advertisements from them. When the customer purchased an advertisement, material from one of the volumes applicable to the customer's particular business was used. To make the advertisement (sometimes herein referred to as "cuts") apply to the particular subscriber, additional material or information was invariably added to the "cut". After many customers had subscribed to "cuts", these "cuts" were inserted in a paper of local circulation. At the corner of each page on which these advertisements were inserted, the defendant affixed the words: "Copyright Register No. A–132–204".

The evidence disclosed: that the "cuts" inserted by defendant in the newspapers were not identical with those contained in the defendant's exhibits; that the defendant never applied for a copyright on any publication except in 1949 and then only on the material contained in his exhibits 1, 20, 21 and 22; prior to applying for his copyright defendant had worked for another person who was then engaged in the same general business and such persons used "cuts" similar to those now used by the defendant; prior to the time the defendant applied for a copyright he used in his business "cuts" similar or identical with those contained in the publications he had registered; after registration the defendant used some of the "cuts" in newspapers without attempting to affix proper notice that they were copyrighted; since leaving defendant's employ the plaintiffs have engaged in an advertising business of the same general character as that conducted by the defendant; that the plaintiffs published "cuts" very similar to those contained in defendant's exhibits and the defendant has communicated with persons with whom the plaintiffs were doing business to advise them that the plaintiffs were infringing his copyright.

In view of the nature of the pleadings filed it is my thought that the contention made by the defendant should be disposed of before consideration is given to the plaintiffs' claim since the merits of the plaintiffs' claim are dependent in large measure upon the merits of the defendant's contentions.

Upon considering the evidence and argument of counsel I have concluded that the evidence presented in this case does not warrant the Court in holding that the plaintiffs have infringed a valid copyright of the defendant for the following reasons:

1. The defendant had the burden of proving that he has a valid copyright on the publications which were introduced in evidence and alleged to have been infringed. This burden the defendant has failed to carry. National Comics Publications v. Fawcett Corp., 2 Cir., 198 F.2d 927.

2. The evidence discloses that many of the "cuts" which the defendant contends were copied by the plaintiffs were published by the defendant prior to any attempt on the part of the defendant to copyright them. This would vitiate a copyright subsequently obtained thereon. Deward & Rich, Inc., v. Bristol Savings & Loan Corp., 4 Cir., 120 F.2d 537.

3. Advertising of the general nature of that conducted by the defendant was carried on by persons other than either the defendant or the plaintiffs prior to the time the defendant applied for a copyright and material quite similar to those on which the defendant alleges he has a copyright were used.

4. Since the date on which the defendant alleges he obtained a copyright

the defendant has published many of the "cuts" alleged to have been copyrighted without giving statutory notice required by the statutes. Title 17 U.S.C.A., §§ 1–19.

5. Even if the defendant had a valid copyright on the "cuts" contended for in the four volumes of exhibits filed in the evidence, each time they were published the wording of the "cuts" were changed, causing the published advertisements to vary from the material on which it is alleged the defendant has a copyright. No effort was made by the defendant to have the varied publications copyrighted.

For the reasons set forth above I am of opinion that the defendant has failed to prove that the plaintiffs have infringed a valid copyright owned by him.

The defendant, however, also contends that he is entitled to injunctive relief against the plaintiffs by virtue of a condition of a contract entered into between the defendant and each of the plaintiffs. The contracts relied on provide that "said salesmen or collectors, as the case may be, agree that after their services have been terminated by said first party, (defendant), that they will refrain from carrying on a similar business and engaging in such business or in any manner using the ideas or methods of advertising as now or hereafter used or carried on by first party for a period of five years after such services of said salesmen or collectors shall be terminated".

The defendant contends that since the plaintiffs' services with him have terminated, they are prohibited by this clause of the contract from carrying on an advertising business of the type they are engaged in and that since they are carrying on such business this Court should enjoin them from violating the above covenant of the contract.

The question of whether the Court will grant injunctive restraint for contract violations by one of the parties to a contract in cases of this kind has been before the Courts many times. In some instances injunctive restraint has been granted and in others it has been denied.

In a comparatively recent decision the Supreme Court of Appeals of Virginia had before it the question of injunctive restraint for contract violations and after an enlightening discussion of the subject the Court laid down the rule in Virginia in Worrie v. Boze, 191 Va. 916, 62 S.E.2d 876, 881, where the Court said:

"That restrictive covenants of this character which reasonably protect the employer's business and are incident and ancillary to the contract of employment and limited as to area and duration are enforceable in equity is not open to question."

Then quoting from 98 A.L.R., at page 966, the Court said:

"Generally, covenants by employees not to engage in a similar or competing business for a definite period of time following the termination of the contract of employment in which the covenant is incorporated will be enforced in equity unless found to be contrary to public policy, unnecessary for the employer's protection, or unnecessarily restrictive of the rights of the employees, due regard being had to the subject-matter of the contract and the circumstances and conditions under which it is to be performed."

The above quotation seemed to be a fair statement of the authorities on the question of injunctive restraint for contract violations such as is here alleged.

Applying this rule to the present case it follows that the defendant's request for injunctive restraint should be denied. The covenant covers a period of five years. It is not limited to any particular locality and is unnecessarily restrictive of the employees' rights. To enforce the covenant would mean that the defendant could dispense with employees' services for any cause and prevent the employee from engaging in the advertising business anywhere for a pe-

riod of five years. When it is remembered that advertising of the general type here involved had been conducted by others prior to the entry into the field of either the defendant or the plaintiffs, due regard to the subject matter of the restrictive covenant, coupled with the time and unlimited area covered, argue against injunctive restraint in a court of equity.

For these reasons it is my opinion that injunctive relief for the alleged contract violations by the plaintiffs should not be granted.

Having determined that the defendant is not entitled to injunctive relief on his counterclaim either on the basis of a copyright infringement or on the basis of a violation of a restrictive covenant in the contract between the parties, it follows that the defendant is not entitled to damages, attorney's fees or costs and that the relief prayed for in his counterclaim should be denied and his counterclaim dismissed.

The above disposition of the defendant's claim for affirmative relief leaves for consideration the plaintiff's prayer for affirmative relief and the defendant's answer to this request.

As stated before, the plaintiffs are engaged in the same general type and character of advertising as the defendant and the evidence discloses that the defendant has communicated with persons with whom the plaintiffs were doing business to advise such persons that the plaintiffs were infringing his copyright. I have found that the defendant has failed to prove that the plaintiffs have infringed a valid copyright owned by him. This poses the question of whether the plaintiffs are entitled to damages and injunctive relief against the defendant. I think that this question must be answered in the negative.

█ It is to be borne in mind that the defendant's conduct and actions occurred prior to institution of suit and before any adjudication of his rights and were based on the belief that he had a valid copyright on the material the plaintiffs were using and that the plaintiffs by their actions and conduct infringed this copyright. The defendant acted in the further belief that the restrictive covenant contained in his contract with each of the plaintiffs had been violated. He acted in an effort to protect what he believed were his rights under his copyrights and contracts and I am unable to say that his actions were not in good faith. To enjoin the defendant under these circumstances for past activities would in effect be an expression of belief on my part that he would probably continue such activities after an adjudication of his rights. The evidence does not justify such a belief.

The case of Cheney Co. v. Cunningham, D.C., 37 F.Supp. 224, affirmed in 127 F.2d 294, by the Circuit Court of Appeals for the Third Circuit, is almost identical with the case at bar, the position of the parties being reversed. In that case the plaintiff claimed the defendant had infringed his patent and sought to enjoin further infringement. The defendant denied infringement and filed a counterclaim charging plaintiff with unfair competition in trade through the threat of suit for patent infringement and other trade practices intended to discourage customers from the purchase of defendant's products. The Court held that the defendant had not infringed the plaintiff's patent and denied the plaintiff relief. In dealing with defendant's counterclaim the District Court, 37 F.Supp. at page 230, said:

"As to defendants' counterclaim in which defendants are seeking an injunction and accounting against plaintiff because of alleged malicious threatening of persons with whom defendants did, or attempted to do business for the purpose of discouraging the purchase of defendants' material, we cannot find that defendants have made out a case. As we view the law, notices given, or circulars distributed, to warn against infringement, are legal and proper. It is only when they are given and distributed in bad faith and solely for the purpose of destroying the business of another that they are enjoined. See A. B. Farquhar Co. v. National Har-

row Co., 3 Cir., 102 F. 714, 49 L.R. A. 755.

"We cannot find that the plaintiff acted in bad faith. It owned patents which it believed to be valid, and notified defendants and their customers of alleged infringement. We see nothing wrong in this. The defendants' counterclaim will be dismissed."

The above quotation from the Cheney case may be applied with equal force in this case.

 It might be added also that the plaintiffs have shown no real damages. When questioned on damages the plaintiffs dealt in generalities and were unable to show any actual compensable damage.

For the reasons set forth the complainants should be denied the relief asked for in their complaint and their complaint dismissed. It follows that the plaintiffs will bear their own costs and attorneys' fees.

This opinion is written in lieu of findings of fact and conclusions of law.

An order has today been entered carrying into effect the views herein expressed.