167 So.2d 791 (1964)
The AMERICAN BUILDING MAINTENANCE CO. OF OAKLAND, Appellant,
v.
Sam FOGELMAN, Appellee.
No. 64-187.
District Court of Appeal of Florida. Third District.
October 6, 1964.
Broad & Cassel and Lewis Horwitz, Miami Beach, for appellant.
Shevin, Goodman & Holtzman, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
Plaintiff appeals from the chancellor's order which enjoins the defendant, a former employee, from engaging in a business competitive with the plaintiff for a period of one year.
Plaintiff had employed defendant for nine years as the district manager of its building maintenance business in Dade County. Five months prior to his discharge, defendant was required to sign a contract whereby he agreed not to engage in a business competitive to his employer's *792 for a three year period, upon termination of his employment.
Subsequent to the defendant's discharge, he engaged in a competitive business, as a means of livelihood, and the plaintiff instituted this litigation seeking an injunction to enforce the non-competitive portion of the contract. The chancellor, after hearing the evidence, entered a decree which prohibited the defendant from engaging in the building maintenance business for a period of three years. Thereafter, the chancellor granted the defendant's petition for rehearing and modified the decree to provide for a one year period of non-competition instead of three. It is from this modification that the plaintiff appeals.
Appellant urges that the chancellor abused his discretion in modifying the decree so that it did not conform to the contract provision. We can not agree.
The applicable law was clearly enunciated by Chief Judge Sturgis in Atlas Travel Service v. Morelly, Fla.App. 1957, 98 So.2d 816, where he stated:
"F.S. § 542.12, F.S.A. clearly supersedes the common-law rule enunciated in Love v. Miami Laundry Co., supra [118 Fla. 137, 160 So. (32) 35] The permissory language of the statute, whereby agreements of the character in suit `may', in the `discretion' of the court, `be enforced by injunction', does not imply that the court is vested with an absolute or arbitrary discretion, and is construed as requiring that the discretion shall be reasonably exercised to the end that the object of the statute may not be nullified. The relief cannot be withheld when the proofs, as in the case on appeal, reveal no other alternative. [Citations omitted.] The provisions of the instant contract relating to time and area are found to be reasonable, and well within the directive of the statute, and it is not otherwise harsh, oppressive or unjust." [Emphasis supplied.] 98 So.2d at 818.
We have emphasized the word "otherwise" in the above cited passage because we feel that it is determinative of the present appeal. It is appellant's contention that the chancellor has discretion only in determining whether the non-competitive agreement is reasonable and unoppressive in regard to geographical area and duration. Appellant argues that once the chancellor has made this discretionary ruling, that the agreement is reasonable, then he has no discretion in enforcing its terms. It would be an abuse of discretion to fail to enforce the contract according to the specific terms thereof.
Appellant's argument is correct as far as it goes, but it ends too soon. According to the rule as enunciated in Atlas Travel Service, supra, there are two discretionary steps to be performed by the chancellor, not one, as appellant contends.
The first step is, as outlined above, for the chancellor to determine whether the agreement is reasonable. Should this inquiry result in the affirmative, the chancellor will proceed to the second discretionary consideration, to-wit, whether this reasonable agreement will result in harsh, oppressive or unjust results when applied to this defendant. In other words, there are two determinations; (1) the reasonableness of the agreement per se; (2) the reasonableness of the agreement as applied in the instant case, taking into consideration all of the facts, including those which have occurred subsequent to the execution of the agreement.
In our case, the chancellor found that the agreement was reasonable, and then made the discretionary determination, as applied in the instant case in view of all of the surrounding circumstances, that it was unreasonable to enjoin this man from his livelihood for more than one year.
It goes without saying that discretionary determinations will not be interfered *793 with on appeal unless substantial error is demonstrated.[1] Such error not having been demonstrated we will not disturb the chancellor's rule.
Affirmed.
NOTES
[1] McQuown v. Lakeland Window Cleaning Co., Fla.App. 1962, 136 So.2d 370.