### SANITARY LINEN SERVICE CO. v. BEAN.
No. 66-C-8928.

Circuit Court, Dade County.

March 6, 1967.

Daniel Neal Heller and Larry J. Hoffman, both of Miami, for plaintiff.

Melvin Schaffer, Miami, for defendant.

HAL P. DEKLE, Circuit Judge.

*Amended final decree:* This cause came on to be heard on February 17, 1967 upon the petition for rehearing filed by the plaintiff and the court, having found the petition to be well founded, then granted the rehearing and received additional testimony, evidence and exhibits thereon.

Accordingly, upon the entire record before it, the court amends its final decree entered on January 13, 1967, and finds —

The defendant voluntarily left the plaintiff's employ on June 24, 1966.

Defendant's employment with the plaintiff was actually limited to Broward and Palm Beach counties in his principal employment, his contacts with the Dade County office of plaintiff being only incidental to his principal employment as salesman in Broward and Palm Beach counties.

Defendant was not, until January 14, 1967, in violation of any of the provisions of paragraph 5(C) of the employment contract between the parties, except insofar as defendant may have been employed with another linen service company headquartered in Broward County.

There has been no showing of any damage or competition by defendant with the plaintiff or the solicitation of plaintiff's customers prior to January 14, 1967.

Plaintiff's linen service contracts are generally for one year duration.

Under the circumstances where defendant was merely a solicitor of business for plaintiff during his employment and where defendant's livelihood is involved, it would be unreasonable and oppressive to extend injunctive relief under the contract in question beyond a period of one year from the termination of employment on June 24, 1966, and beyond the counties of Broward and Palm Beach to which defendant's principal em-

ployment was limited. American Building Maintenance Co. of Oakland v. Fogelman, 167 So.2d 791, Fla. App. 3d 1964. To this would be added, however, the additional month since the date of entry of the final decree, during which there was active competition.

That subsequent to the entry of this court's final decree of January 13, 1967, the defendant has violated paragraph 5, subsection C, sub-sections 2 and 4, of the employment agreement of January 31, 1963, between the parties, as to engaging in a similar business and soliciting plaintiff's customers. As a direct result of said violation, a number of the plaintiff's customers refused to honor their contracts with the plaintiff and accepted, instead, the services of the company, Abco Linen Service, Inc., by which the defendant has been employed. These customers have been located in both Dade and Broward counties. The defendant admits that he solicited the plaintiff's customers in Dade County, after entry of the final decree, and that as a result thereof several of the plaintiff's customers ceased doing business with the plaintiff and some took instead the services of the Abco Linen Services, Inc. In addition, with regard to the Broward County customers of the plaintiff who have refused to do business with the plaintiff, a number of those customers are ones who were signed to contracts by the defendant himself at a time when he worked for the plaintiff corporation.

It appears that the defendant has been acting as the general manager of the Abco Linen Service (which has its main headquarters in Broward County) because of an injunction entered by another division of this court in favor of the plaintiff against another former employee of Sanitary Linen Service who was working for the Abco Linen Service, and was, prior to the granting of the injunction, Abco's general manager.

The court never intended to allow the defendant to continue to have anything to do with the management, supervision or operation of the Abco Linen Service, nor did it intend to allow him, directly or indirectly, to solicit any of the plaintiff's customers or to induce any of them to quit doing business with the plaintiff.

Upon the above corrected and amended findings of fact it is thereupon ordered, adjudged and decreed that —

(1) The defendant may continue his employment with Abco Linen Service, Inc., as a salesman, driver or similar outside employment, but he may not have anything to do with the operation,

management or conduct of said business, or carry on, or engage in a business similar to the plaintiff's business in Broward and Palm Beach counties for a period of one year from the termination of his employment with plaintiff on June 24, 1966, plus one month, or until July 24, 1967, because during this approximate one month defendant has been in competition with plaintiff, as now shown, whereas he was not prior thereto.

(2) However, the defendant be and he is hereby enjoined and restrained for one year from the date of this amended final decree, from soliciting or causing to be solicited, anywhere in Dade, Broward, Monroe or Palm Beach counties, any of the plaintiff's customers, and from inducing either directly or through others, any of the plaintiff's customers to cease to do business with the plaintiff.

(3) The court reserves jurisdiction of the subject matter and the parties.

(4) Each party shall bear its own costs except for the petition for rehearing which plaintiff may tax upon notice.

(5) The final decree dated January 13, 1967 is set aside and declared of no further force and effect.