MANN, Judge.
Green was employed by appellant corporation, in which he was one of the in-corporators, and agreed that he would not for a period of three years after termination of employment engage directly or indirectly in the graphite repair business and would not use knowledge gained in appellant’s business nor solicit its customers. Upon Green’s joining a competing firm this action for injunction was brought and dismissed for want of a territorial limitation.
The question is answered both ways in the cases. Annotation 43 A.L.R.2d 94. *502 But in Florida this court has held that the trial court has authority to reduce a restriction to a reasonable time. McQuown v. Lakeland Window Cleaning Co., Fla.App.1962, 136 So.2d 370. And the Third District has held that the absence of a territorial limitation does not of itself invalidate the agreement. Fountain v. Hudson Cush-N-Foam Corp., Fla.App.1960, 122 So.2d 232. There is evidence in this record that the corporation operates in Louisiana, and for all we know might perform some service all over the world. In any event, the agreement not to solicit appellant’s customers nor to use its trade secrets discloses enough to survive a motion to dismiss even if the pleadings need further amendment or if the final decree must give less than the relief requested. Fla.Stat. § 542.12 (1969) F.S.A. authorizes certain agreements which were invalid at common law. In our judgment this complaint was improperly dismissed.
Reversed and remanded for further proceedings consistent with this opinion.
HOBSON, C. J., concurs.
LILES, J., dissents with opinion.