### KOFOED PUBLIC RELATIONS ASSOCIATES, Inc. v. STIMSON.
No. 70-7054.
Circuit Court, Broward County.
October 30, 1970 and January 4, 1971.

William H. Benson, Fort Lauderdale, for the plaintiff.

Henry M. Schmerer of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for the defendant.

STEWART F. LaMOTTE, Jr., Circuit Judge.

*Order granting motion to dismiss, October 30, 1970:* Defendant has moved to dismiss plaintiff's complaint on the ground that the agreement not to compete sued upon is void under provisions of §542.12, Florida Statutes. The court has heard argument of counsel and has considered the memorandum submitted. Upon consideration of the complaint and the applicable law, the court makes the following findings —

The complaint and the employment agreement attached thereto disclose that on May 12, 1969 plaintiff employed defendant as a solicitor and salesman for public relations, advertising and related business on behalf of the plaintiff. Defendant terminated his employment with the plaintiff on about September 1, 1970. Subsequently defendant embarked on a public relations and advertising business of his own within the geographical area in which plaintiff was engaged in business at the time of defendant's termination.

Plaintiff has based its suit for injunction and damages on section 6 of the employment agreement entitled "Restrictive Covenants". No specific geographical area is set forth in that agreement in which defendant is not to compete. Geographical area is defined variously in the agreement as —

> "[W]ithin which the Firm is operating its business at the time of termination of this agreement the advertising or public relations agency business or any of the clients, customers or accounts of the Firm that are doing business with the Firm at any time prior to termination of the employment herein."

**and,**

> "[W]here they have either sold or solicited accounts, customers or clients."

**and,**

> "[A]ny county, or similar political subdivision wherein any clients, customers or accounts of the Firm are located."

§542.12 provides that "every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind . . . is to that extent void." The statute does provide certain exceptions. The exception that plaintiff seeks to come within is subsection (2) which provides that "one who is employed as an agent or employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area."

Because §542.12 voids restraints on former employees unless a specific exception is applicable, the agreement sued upon must disclose on its face that it meets one of the exceptions. The specific issue is — *whether an agreement not to compete by a public relations and advertising salesman is void under Florida Statute §542.12 when the agreement does not contain any specifically reasonably limited area but contains broad language covering any place in which the employer has done business or solicited business or in which any customer of the employer is located.*

Florida appellate courts have not considered this issue. While there are many cases where courts have limited the area prescribed in the agreement, they have all been situations where the agreement on its face purported to set forth specifically reasonably limited areas. It is an accepted principle of law that courts will not write the terms of an agreement. Plaintiff is seeking to have the court set the area contemplated by the parties. Plaintiff's complaint suggests that the area be central and south Florida. But the parties did not agree to that area. The court cannot write the terms for the parties.

Because the restrictive covenant section of the agreement sued upon does not contain the statutory requisite of a reasonably limited area it is void and thus unenforceable.

Two other jurisdictions have specifically ruled on the instant issue under their laws.

In Baker v. Starkey, 144 N.W. 2d 889 (Iowa 1966), the Iowa Supreme Court in a lengthy well reasoned opinion, covering the

law of other jurisdictions as well, stated that a former employee of a management consulting firm could not be held to a restrictive covenant in an employment contract which prevented the employee from competing in any town or city in the United States in which the employer is rendering services to clients at the time of the termination of the agreement. The court held that as a matter of law it was too broad in scope of area to be reasonable and was therefore unenforceable.

In Davis-Robertson Agency v. Duke, 119 F. Supp. 931 (E.D. Va. 1953) (applying Virginia law), the court held that a former employee of an advertising agency could not be held to a restrictive covenant in an employment agreement which prevented the employee from carrying on a similar business for a period of five years when no area was stated in the agreement.

For the reasons stated the agreement not to compete sued upon is void as a matter of law. It is thereupon ordered — (1) Defendant's motion to dismiss the complaint is granted. (2) Plaintiff shall have twenty days from the date of this order to serve an amended complaint.

*Final judgment, January 4, 1971:* This cause came on to be heard on the defendant's motion to consolidate this cause with Kofoed Public Relations Associates, Inc., v. Richard A. Mullins, no. 70-8403 "J" LaMotte (formerly "J" Tedder), and defendant's motion for summary judgment. Upon having heard argument of counsel, considering the record herein and being otherwise advised in the premises, the court makes the following findings —

Pursuant to RCP 1.270 (a), this case and the Mullins case referred to above, are properly consolidated as they involve common questions of law and fact. The original complaint in this case is virtually verbatim to the complaint filed by the same plaintiff in the Mullins case. The employment contracts sued upon in both cases are virtually identical also. The same issues of law and fact have been raised in both cases and to keep these cases in different divisions or on separate dockets would tend to cause extra costs and delay to the parties and to the court.

The defendant is entitled to summary judgment for the reasons stated by the court in its order granting motion to dismiss dated October 30th, 1970 which is incorporated herein, and for the additional reasons hereinafter stated.

Subsequent to the court's order granting motion to dismiss, the plaintiff served a second amended complaint and an additional amendment to it. The main difference between the second amended

complaint and the original complaint is that a fourth count was added and there appears to be a greater emphasis on plaintiff's protecting its "secrets".

Plaintiff's emphasis on "secrets" is presumably an attempt to come within the rule of the case of Fountain v. Hudson Cush-N-Foam Corp., 122 So.2d 232 (Fla. 3 App. 1960). Plaintiff's allegations are not sufficient to come within the rule of the *Fountain* case. In that case an out-of-state manufacturer of foam products secured a temporary injunction restraining its former employee from divulging trade secrets and working for a competitor in Florida. The former employer alleged it sold its products throughout the United States. On appeal the employee did not question the propriety of the injunction restraining his disclosure of trade secrets but contested the restraint on his employment. The court found that the restraint on his employment was necessary to fully protect the restraint of his divulging trade secrets.

The court in the Fountain case expressly stated on page 234 that it was not deciding one of the questions presented in the instant case, to-wit: whether the absence of a territorial limitation renders the contract void ipso facto. The court did hold that under the facts presented as to the type of business and area of doing business, the restraint was reasonable in the absence of an area limitation in the non-competitive agreement.

The holding of the *Fountain* case is consistent with the rule that a court must first determine the reasonableness per se of a non-competitive agreement before determining the reasonableness of the final area to be limited. American Building Main. Co. of Oakland v. Fogelman, 167 So.2d 791 (Fla. 3 App. 1964).

In this case the agreement is not reasonable per se in light of the uncontradicted facts. The public relations business is a type of professional service business which is not easily susceptible to agreements not to compete, especially a broadly worded one as in this case. Public relations firms, including plaintiff, solicit and have clients not only in the area where they maintain an office but also in other parts of the country and even in foreign countries. The employment agreement as it is worded would prevent the defendant from practicing a profession that he has practiced throughout his adult life, virtually anywhere in the United States and even in the world.

Plaintiff seeks in the amended complaint to limit the area where the defendant is to be enjoined. But the non-competitive agreement does not contain within its terms a sufficiently defined area that would permit the court to consider the reasonableness of the

area where plaintiff seeks to restrain the defendant. The type of business and area of doing business in this case makes the non-competitive agreement unreasonable per se. See American Building Main. Co. of Oakland v. Fogelman, supra.

The *Fountain* case is further distinguishable from the instant case since the only "secrets" reflected in this record which plaintiff is seeking to protect is its customer list and general knowledge obtained by the defendant while in plaintiff's employ. This point will be further discussed in this judgment. In the *Fountain* case the trade secret sought to be protected was a unique manufacturing process for foam products.

While this court is of the opinion that this ruling is consistent with the Fountain case, this court further rules that the unanswered question in that case is now answered, namely, that the absence of a territorial limitation in a non-competitive agreement renders the contract void ipso facto under Florida Statute §542.12. The court's reasons are stated in the prior order granting motion to dismiss.

Anything to the contrary in the *Fountain* case should not be followed. It should be noted that one judge of the Third District Court of Appeal dissented in the *Fountain* case. Also one judge of the Second District Court of Appeal appears to have taken the position expressed herein and disagreed with the majority view of his court that the *Fountain* case answered the question in issue in this case. Gulf Coast Refractory Services, Inc. v. Green, 240 So.2d 501 (Fla. 2 App. 1970). Three judges of the First District Court of Appeal have taken the position that the *Fountain* case is to be limited to its facts. Inland Rubber Corp. v. Helman, 237 So.2d 291 (Fla. 1 App. 1970). The Supreme Court and Fourth District Court of Appeal have not considered the *Fountain* case.

For the various reasons stated above, defendant is entitled to a summary judgment on count I of the amended complaint.

Count II of the amended complaint differs from count I in that count II seeks to enjoin the defendant from soliciting customers and accounts of the plaintiff. The uncontroverted facts in the record disclose that the employment agreement does not prohibit the defendant from soliciting customers and accounts of the plaintiff. It further appears that plaintiff's customer lists were readily ascertainable. Plaintiff freely disclosed who its customers were, as is common in the public relations business, and even had a printed circular of its clients which it publicly distributed.

In Renpak, Inc. v. Oppenheimer, 104 So.2d 642 (Fla. 2 App. 1958), the court stated that no cause of action was stated by a

complaint that sought to enjoin a former organizer, officer, director, stockholder and managing employee of a business from soliciting clients of that business. This was even true where the employee made plans for establishing a competitive business while still an officer and employee with the business. The court expressly pointed out that acquiring the names and addresses of customers is not the property of an employer and skill and knowledge obtained by an employee become a part of the employee's mental equipment. There was further no showing that there was any unfair competition as there had been no pilfering or the physical appropriating of a list of customers' names.

In this case defendant was a mere employee and plaintiff's client lists were not held in confidence by the plaintiff. One of plaintiff's officers stated in his deposition that plaintiff was not complaining about defendant taking anything in the physical sense, but it was the use of certain information that plaintiff was objecting to. Based upon the facts and law recited, defendant is entitled to summary judgment on count II of the amended complaint.

Counts III and IV of the amended complaint are naked allegations that counts I and II cumulatively amount to the torts of unfair competition and interference with advantageous business relationships. There are no specific allegations as to these torts and both counts are predicated on the employment agreement. It is well settled law that contract actions cannot be converted into torts unless the torts themselves are totally independent actions. In Days v. Florida East Coast Ry. Co., 165 So.2d 434 (Fla. 3 App. 1964), the court expressly held that an employment agreement could not be converted into a tort of interference with advantageous business relationships. Since the uncontroverted facts in the instant case do not disclose that defendant has committed any tort but that plaintiff's sole relief, if any, is in the form of breach of contract, defendant is entitled to summary judgment on counts III and IV.

It is therefore ordered and adjudged that — (1) Defendant, Richard A. Stimson's, motion for consolidation is granted. (2) This cause is hereby consolidated with Kofoed Public Relations Associates, Inc. v. Richard A. Mullins, no. 70-8403 "J" LaMotte, for all purposes. (3) Defendant, Richard A. Stimson's, motion for summary judgment is granted. (4) Plaintiff, Kofoed Public Relations Associates, Inc., take nothing by this action and that defendant, Richard A. Stimson, go hence without day. (5) The court shall retain jurisdiction of this matter for the sole purpose of taxing costs incurred by the defendant, Richard A. Stimson, upon a subsequent hearing and after due notice to the parties.