PER CURIAM.
The appellant, who was an employee and stockholder in the appellant corporation, sold his stock to the corporation upon an instalment sale upon the termination of his employment. Said agreement, in part, contained the following provision:
“4. As part consideration of the purchase by Company of the stock of Seller, and for other good and valuable consideration, Seller covenants that he will not on his own account, or as agent or employee, of any other person, firm, or corporation, engage in or become financially interested in the business of handling, selling, or otherwise dealing in machinery and equipment and allied lines of manufactured products and parts that could reasonably be considered as being in competition with Company, or other corporations named in said Stock Purchase Agreement dated December IS, 1959, hereinabove referred to, or their respective successors or assigns, in the States of Virginia, North Carolina, South Carolina or Florida, for a period of ten years from date, so long as the Installment Note from Company to Seller, here-inabove referred to, remains unpaid and is not in default, whichever period is the longer. In the event that Seller should at any time fail to comply with the provisions of this paragraph, it is understood and agreed that Company, in addition to any other legal rights or remedies available to it as a matter of law, shall have the additional right and privilege to reduce the interest rate provided for in said Installment Note by one-half, and to reduce the amount of the monthly principal payments therein provided for by one-half, thereby extending the maturity date for such time as shall be necessary to comply with the provisions of this sentence.”
Thereafter, the appellant engaged in employment which was in competition to the appellee’s at which time the appellee, as purchaser of the stock, elected to reduce the payments on the balance due to the appellant in accordance with the terms of their purchase and sale agreement. Thereafter, appellant terminated the competitive employment and sought a declaration of rights under the agreement, contending that the agreement was void under McQuown v. Lakeland Window Cleaning Co., Fla.App.1962, 136 So.2d 370; American Building Maintenance Co. of Oakland v. Fogelman, Fla.App.1964, 167 So.2d 791; Capelouto v. Orkin Exterminating Company of Florida, Fla.1966, 183 So.2d 532; Flammer v. Patton, Fla.1971, 245 So.2d 854; § 542.12, Fla.Stat., F.S.A., and, further, that if it was valid the diminution of instalment and interest payments should have been applicable only to the period of time when he was actually engaged in the competitive employment. The trial court ruled adverse to the appellant and this appeal ensued. We affirm. '
*712 The purchaser never attempted to enforce the provisions against non-competition and, therefore,- the authorities cited by the appellant, supra, are not applicable. Further, it appears that the Supreme Court has approved an employee contracting to receive deferred payments upon terms and conditions which may be varied or eliminated if the employee engages in a competitive business. Barr v. Sun Life Assurance Company of Canada, 146 Fla. 55, 200 So. 240. Lastly, the contract is clear. If the appellant engaged in a competitive field the appellee, as the purchaser of the stock, has the right to reduce the balance of the payments. If the seller had desired that this reduction would only be applicable during the period of the competitive employment, such a provision should have been included in the contract.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.